JESSE A. HOLTZCLAW, plaintiff in error, vs. JAMES D. RUSS, Ordinary, defendant in error.

ANDREW S. GILES, plaintiff in error, vs. JAMES D. RUSS, Ordinary, defendant in error.

1. The Supreme Court of this State having decided in *Gormley vs. Taylor*, 44 *Georgia*, 76, that the District Judges were legally appointed and in office, and said Judges having continued to act for nearly one-half of their actual period of service after said decision was made, and the General Assembly, by an Act passed December 7th, 1871, by a majority of two-thirds of each branch thereof, repealed the Act organizing said Court, having recognized the legal existence and authority of said Court and Judges thereof, in enacting that " It shall be the duty of the clerk of the District Court to transmit all cases now pending on the civil or criminal docket of said Court to the Superior Court, which said Court is hereby vested with jurisdiction over the same," constitute sufficient authority to determine the question as to the right of said officers to compensation, and that they are entitled to compensation for services rendered as such.

2. Under the provisions of the Constitution requiring an " equitable apportionment of the compensation of the District Judges and attorneys between the counties comprising their districts," the tax required by the Act organizing said Court to " be levied in the several counties composing each Senatorial District * * * upon the taxable property returned therein, as together, will raise an amount sufficient to pay the salaries," etc., should be apportioned between said counties in proportion to the amount of taxable property returned in said counties, respectively.

3. Interest on an unpaid salary of such officer cannot be enforced against the county out of which the same is to be collected.

WARNER, Chief Justice, dissented.

*Mandamus.*    District Court.    Officers.    Tax.    Interest. Before Judge JOHNSON.    Taylor Superior Court.    October Term, 1872.

These two cases, involving the same questions, were argued and decided together.

Jesse A. Holtzclaw petitioned the Judge of the Superior Courts of the Chattahoochee Circuit for a *mandamus nisi* against James D. Russ, Ordinary, requiring him to show cause why he should not be compelled to levy the tax as directed by law, to pay the petitioner the proportion of his salary as Judge of the District Court for the twenty-third Senatorial District, due by the county of Taylor, for the time he served prior to the abolishment of said Court by an Act of the General Assembly.

The respondent answered said petition, substantially, as follows : That petitioner was not appointed to fill an unexpired term as Judge of the District Court of the twenty-third Senatorial District, and although appointed by R. B. Bullock, acting Governor of said State, to fill said office of District Judge, said appointment was not confirmed by the Senate, as the Constitution of the State requires.

That petitioner never fully entered upon his duties as Judge in this particular, to-wit : No jury was ever impanneled or sworn according to law by said Judge, although it was his duty, as soon after his appointment as practicable, to have drawn and organized a jury.

That the county treasurer of said county of Taylor has never called on respondent to levy a tax to pay petitioner's salary, nor has there ever been any satisfactory evidence of the indebtedness of the county to said petitioner presented to respondent.

The petitioner demurred to the answer. The demurrer was sustained, and respondent excepted.

The Court then passed an order requiring respondent to levy such tax upon the taxable property of the county of Taylor as will raise an amount sufficient to pay petitioner for salary as District Judge of the twenty-third Senatorial District from January 1st to December 7th, 1871, to-wit : the principal sum of $373 75, together with interest, this amount

Holtzclaw *vs.* Russ—Giles *vs.* Russ.

being reached by dividing the entire salary between the counties composing the district, according to population.

To which order respondent excepted. Respondent assigns error upon each of the aforesaid grounds of exception.

The proceedings in the case of Andrew S. Giles were identical with the preceding, with the only exception that his claim was for salary as District Attorney.

W. S. WALLACE; HOLSEY & COLLIER, for plaintiff in error.

THRASHER & THRASHER, for defendant.

TRIPPE, Judge.

1. The leading question made in these cases, both in the response to the *mandamus nisi* and in the argument here is, that the District Judge and attorney were not appointed by the Governor with the advice and consent of the Senate, and, therefore, not being appointed according to law, are not entitled to the compensation they ask. The ground upon which the decision of that question is put in this case, makes it unnecessary to enter into all the argument and learning involved in the discussion in *Gormley vs. Taylor*, 44 *Georgia*, 76. In that case, decided at the July term, 1871, it was held by a majority of this Court that the appointment of these officers was legal; and thus sanctioned, they continued in office for several months, with all the responsibilities devolved upon them by law resting on them. The Legislature, on the 7th of December, 1871, passed an Act repealing the Act organizing the District Court, and in the second section of said Act enacted: "That it shall be the duty of the clerk of the District Court to transmit all cases now pending on the civil or criminal docket of said Court to the Superior Court, which *said Court is hereby vested with jurisdiction over the same.*" This Act was a legislative recognition of the legal existence of the District Court and its officers, and that *civil and criminal cases were legally on their dockets;* else it could not have

directed that such unfinished business should be transmitted to another tribunal, and vested that tribunal with jurisdiction over it, and with power to finish it.  On the 13th of the same month, another Act was passed "to compensate the clerk and sheriff of the Superior Court, and other officers of Richmond county, for services rendered in the District Court," etc., and therein directed that they should be paid "out of the tax levied in said county for the expenses of said Court." The District Judge and attorney having thus filled a large portion of their actual term of office after this decision of the highest judicial tribunal of the State, and the Legislature having thus recognized the validity of the organization of the District Court, and necessarily, the legal existence of its officers, forces the conclusion that they are entitled to the compensation provided by law, without inquiring into the mode of their appointment, or deciding the question whether or not it was strictly according to law.

2. The Constitution of the State, Article V., section 10, paragraph 2, provides that there shall be an "equitable apportionment of the compensation of the District Judges and attorneys between the counties composing their districts." The Act of 1870, organizing the Court, says: "There shall be levied in the several counties composing each Senatorial District, such tax upon the taxable property returned therein, as together, will raise an amount sufficient to pay the salaries of the District Judges and attorneys," etc.  The proper construction of these provisions, in determining what is an "equitable apportionment," is, that the tax to be levied in each county shall be in the proportion its taxable property bears to the aggregate taxable property of the district.  Any other rule would work a discrimination in the percentage of tax to be levied in the several counties.  If levied in the ratio of population, then one county, having three-fourths of the population of another county, though more taxable property, would pay only three-fourths of the tax paid by that other. In many instances the disproportion in the percentage of tax levied would doubtless be greater than in the instance given.

3. We do not think the compensation provided in the statute bears interest, if not paid, from the different periods of payment prescribed in the statute.  We know of no instance where a salary has been held to draw interest.  The District Judge is a public officer, recognized by the Constitution.  His salary is payable quarterly, as other officers of the State, and though the law directs that the money collected for his payment shall be paid into the county treasury, and by the county treasurer paid to him, we do not think it changes the question as to interest, so as to make it different from what it would be if it were required to be paid into the State treasury, and to be paid out by the State Treasurer.

It was not incumbent on these officers to show that they had taken the oaths prescribed by statute or that the bond required of one of them had been given.  If they have the proper commissions, the compliance with these provisions is presumed.  If it were a fact that the oaths had never been taken or that the bond had never been given, the question would be different.  But an omission to recite these facts in the application, was not demurrable, nor could the issue be made without a denial on the part of the respondent, that all this or any one had been done.  As to the necessity of these applicants showing that their claims have been ascertained by suit or judgment, or that they had demanded payment of their salaries, the statute prescribes what the salary shall be and how it shall be levied and paid.

Judgment affirmed with instructions.

McCay, Judge, concurred, but furnished no opinion.

Warner, Chief Justice, dissenting.

I dissent from the judgment of the Court in this case for the reasons expressed in my dissenting opinion in *Gormley vs. Taylor*, 44 *Georgia Reports*, 102.