FREENEY, treasurer, *v.* BROWN.

No. 11196. APRIL 17, 1936. ADHERED TO ON REHEARING, JULY 25, 1936.

822

# 823

*James C. Estes* and *Miller & Lowrey*, for plaintiff in error.
*Park & Strozier* and *Orville A. Park Jr.*, contra.

RUSSELL, Chief Justice. It is a constitutional provision that the salaries of the judiciary in this State shall not be changed during their term of office. By term of office is meant that fixed by the constitution. Therefore the change can not be made during the constitutional term. When the amendment authorizing an increase of the salaries of the judges of the Macon judicial circuit was submitted to the people and by them ratified, it was provided that the County of Bibb may increase the salaries by the sum of $1,000 per annum. This gave an option to the commissioners of Bibb County as to whether they desired to make the named addition to the salaries of the judicial officers involved. They were not required to exercise the right of increase conferred upon them. As appears from the record, the board of county commissioners did increase the salaries by the stipulated amount provided in the constitutional amendment, and paid to the incumbents this addition until the year 1933. They then attempted to withdraw the increase, and provided that the "payments" (to use the language of the commissioners) were terminated. The commissioners had no such power. The judge of the superior court correctly ruled that the salaries, under the provisions of the special amendment to the constitution as well as the general provision in regard to changing salaries of judicial officers, were due to the petitioner in the present case, and that he was entitled to recover the salary for the years 1933 and 1934.

824

*Judgment affirmed. All the Justices concur, except Gilbert and Bell, JJ., who dissent. Atkinson, J., concurs specially.*

GILBERT, Justice, dissenting. With profound respect for the judgment of my associates, my conviction as to the law and the constitution forces me to dissent. The amendment to the constitution, ratified in 1920 (Ga. Laws 1920, p. 20), provides that the commissioners of Bibb County "may supplement the salaries of the judges of the superior court in a sum which when added to the salary paid by the State will make a salary of $6,000." Code of 1933, § 2-4001, and notes. That constitutional provision merely authorizes; it is not mandatory. On December 20, 1921, upon request of the Macon Bar Association to the commissioners "it was decided to continue the payment [of $1,000 per year] as asked *until otherwise ordered by the board.*" (Italics mine.) On January 7, 1930, "the board approved the salaries of $1,000 per year for the year 1930 theretofore paid by Bibb County to each of the superior-court judges, H. A. Mathews and Malcolm D. Jones, supplementary to the salary paid said judges by the State." Such supplementary salaries were paid to Judges Mathews and Jones until January 1, 1933, being provided for in the budget and tax levy of the county, and the payments were made in the same manner as county expenses for other purposes were made. On January 2, 1933, the county board passed a resolution discontinuing the payments. It was sought by mandamus to require the payment of the supplementary salary of $1,000 per year for 1933 and 1934. The judge held that the action of the county board, under the facts shown, "was official recognition of and tantamount to express action on the board's part, authorizing the allowance and payment of such salary for and during the years 1931 and 1932," and that under the constitution of this State the salaries once fixed could not be changed during their "current term of office." The constitutional provision is as follows: "The General Assembly may, at any time, by a two-thirds vote of each branch, prescribe other and different salaries for any, or all, of the above officers, but no such change shall affect the officers then in commission." · Art. 6, sec. 13, par. 2; Code of 1933, § 2-4002. That provision binds the General Assembly, and denies to it the power to change the salaries paid by the State, except by a two-thirds vote of each branch. But for it the General Assembly

could, at their will, change the salaries mentioned. The provision has no application to county commissioners. There is no restriction on the power of county commissioners to discontinue paying a supplemental salary to a superior-court judge, either in statute law or the constitution, and certainly not without an unqualified agreement to pay such supplemental salary for the current term. Even if it should be said that a resolution by the county commissioners supplementing the salary in accordance with the constitution would be irrevocable by them, the action could not have such a result unless it was made without qualification. This resolution was qualified, and not in full compliance with the constitution. In this view, the payments made thereunder should be treated as voluntary, and as having no binding force against further action. Manifestly the resolution must be considered as a whole, and the court should not give effect to the part which supplemented the salary, and at the same time ignore the conditions and qualifications appearing as a part of the same document; but the qualification must be applied and the payments considered as having been made subject thereto. Conceding that the constitution stated a sound public policy in restricting the General Assembly as to such salaries, the facts of this case are not thereby controlled. The commissioners did not fix the salaries for a term. The action of the board, as shown by the minutes, was clear and unambiguous. They agreed to pay the supplemental salaries for designated years or until otherwise provided. They actually paid for two other years. Mere payment of salaries and levying of taxes for that purpose can not be held as fixing the salaries for a term beyond the power of the commissioners to cease making such payments. The last expression of the board deciding to pay the salaries made, at the same time, provision ordering otherwise. The conclusion of the trial court that the payment of such salaries was tantamount to fixing the salaries was erroneous. It is argued, however, that the decision in *Culberson* v. *Watkins,* 156 *Ga.* 185 (119 S. E. 319), is authority for the judgment rendered by the trial court. In that case the salary of Watkins was "fixed" by the judges of the superior court of Fulton County. It was held that the salary of Judge Watkins could not be changed while he was in commission. The salary was not fixed either by the constitution or by the General Assembly, and the office was not one named in

art. 6, sec. 13, par. 1, of the constitution (Code, § 2-4001), which next precedes the section quoted above, requiring a two-thirds vote of the General Assembly to make changes. It does not furnish authority for deciding the issue raised in this case. Therefore the court should not have granted a mandamus absolute, requiring the treasurer to pay the salary as prayed for in the petition. Justice Bell concurs in the foregoing dissent.