BEST, treasurer, *v.* MADDOX; *et vice versa.*

Nos. 11886, 11887. NOVEMBER 30, 1937; REHEARING DENIED DECEMBER 15, 1937.

*Wright & Covington,* for plaintiff in error.

*Maddox, Matthews & Owens,* contra.

RUSSELL, Chief Justice. James Maddox, former judge of the superior courts of the Rome Circuit, instituted a mandamus proceeding against the treasurer of Floyd County, seeking to recover certain sums which he claimed were due him as supplementary salary for named periods. The following facts appear from the petition: On November 2, 1920, a constitutional amendment was adopted, empowering the commissioners of Floyd County to supplement the salary of the judge of the superior court of Floyd County, in addition to the $5,000 per annum paid him by the State, in the sum of $1,000 per annum, the same to be paid by the county treasurer from the county funds. Ga. L. 1920, p. 20. On May 8, 1924, the commissioners of Floyd County adopted a resolution, pursuant to said amendment, supplementing the salary of the judge of the superior court thereof $1,000 per annum. The plaintiff's predecessor was Judge Moses Wright, and such supplementary salary was paid to him. In 1925 Judge Wright died, and the plaintiff was appointed as judge on October 17, 1925. On October 20, 1925, said county commissioners adopted a resolution that the "county treasurer be instructed to discontinue payment of the additional compensation of $1,000 to judge of the superior court." The plaintiff served the unexpired term of his predecessor, and was elected for a full term, and upon the expiration thereof was elected for a second full term. On April 2, 1930, the commissioners again adopted a resolution providing that, beginning April 1, 1930, the salary of the judge of the superior court should again be supplemented $1,000 per annum out of the county treasury; and thereafter on January 4, 1933, said commissioners by resolution reduced such supplemental salary to $500 per year, beginning January 1, 1933, which sum was paid until the expiration of plaintiff's last term as judge on December 31, 1934. The plaintiff contends that he is due the full sum of $1,000 per annum from the time of his original appointment until the end

of his second elected term on December 31, 1935, and that the orders of the commissioners abolishing and reducing its payment were void. He brought this proceeding to compel the county treasurer to pay to him $1,000 per annum, with interest from the dates the same became due and payable under the original resolution of May 8, 1924.

The court overruled a demurrer, and sustained the petition in so far as it was sought to recover for items of salary during the unexpired term served by the plaintiff, which ended on December 31, 1926, and in so far as he sought to recover the $1,000 a year beginning January 1, 1933, ruling that the commissioners had no right to reduce the supplemental salary from $1,000 to $500 a year by the order of January 4, 1933. The demurrer was sustained in so far as the plaintiff sought to recover for the years 1927, 1928, 1929, and 1930 until April 1, because the plaintiff began serving a new term of office on January 1, 1927, and the order abolishing the payment of said supplemental salary was effective for the term subsequent to the unexpired term, during which the order was passed. Exceptions to these rulings were taken. There being no dispute as to the facts, the court entered judgment according to the rulings on the demurrer,

Headnotes 1-5 do not require elaboration.

Under the decision of the majority in the case of *Freeney* v. *Brown,* 182 *Ga.* 818 (187 S. E. 40), the commissioners of Floyd County were not empowered to pass a resolution discontinuing or decreasing the amount of the supplemental salary payments during the term of office of the incumbent judge at the time of its adoption; and under that ruling the judge properly overruled the demurrer to the petition in so far as the plaintiff sought to recover such supplemental salary for the balance of the unexpired term of the plaintiff, during the existence of which the resolution of said county commissioners discontinuing such payment was adopted, and to recover the full sum of $1,000 a year from January 1, 1933; it appearing that the order of the commissioners, dated January 4, 1933, reducing the supplemental payment from $1,000 to $500 per year, was passed during the plaintiff's last term of office. It is fundamental that the salary of a judge of the superior court of this State can not be decreased by the legislature during his term of office, and the effect of the orders of the com-

missioners in 1925 and 1933 was to decrease the salary during his term of office. See Code, § 2-4002; *Culberson* v. *Watkins,* 156 *Ga.* 185 (supra). The amendment to the constitution ratified in November, 1920 (Ga. L. 1920, p. 20), provides that "the board of county commissioners of the counties of Clarke, Floyd, Sumter, Bibb, and Richmond . . may supplement from their respective county's treasuries the salaries of the judges of the circuits of which they are a part, by such sum as may be necessary, with salaries paid each of said judges from the State treasury, to make a salary of $6,000 each per annum of such judges; and such payments are declared to be a part of the court expenses of said counties, and such payments shall be made to the judges now in office, as well as to their successors. . . The provisions of this amendment shall take effect and the salaries herein provided for shall begin from the ratification of this amendment, as provided in the second section hereof, and shall apply to the incumbents in the several offices, as well as their successors." The stated purpose of this law appearing in the caption is "An act to amend paragraph 1, section 13, of article 6 of the constitution of Georgia, in so far as the same relates to salaries . . of judges of the superior courts, so as to increase the salaries of . . the judges of the superior courts."

It was held in *Freeney* v. *Brown,* supra, that this amendment "gave an option to the commissioners . . as to whether they desired to make the named addition to the salaries of the judicial officers involved. They were not required to exercise the right of increase conferred upon them." The plaintiff contends however, that where the county commissioners have "once acted, that action is final and conclusive, and no future governing authority has power to change, revoke, or modify that action." In other words, the plaintiff states that the action of the county commissioners in resolving to supplement the salary of the judge of the superior court of their county was irrevocable; and that when they once elected to accept the provisions of the constitutional amendment and supplement such salary as therein provided, such constitutional amendment became effective in that county, and the salary of the judge of the superior court thereof then became fixed by the constitution at $6,000 per annum and could be changed thereafter only in accordance with art. 6, sec. 13, par. 2, of the

constitution (Code, § 2-4002), by a two-thirds vote of the legislature. It is not against the public policy of this State for the judges of the superior courts of our more populous counties to have their regular State salaries supplemented by those counties imposing upon them the performance of additional duties, if the people of such counties so desire. The above constitutional amendment did not provide that the commissioners of any of the named counties, after having by appropriate action elected to supplement the salary of the judge of the superior court, could revoke or rescind their action by discontinuing the payment thereof or by decreasing the amount thereof below $1,000 a year; but on the contrary it provided that when such election took place, the increased salary should be paid to the judge then in office and to the successors of such judge. When once the authorities of the county elected to adopt the provisions of such amendment, $6,000 a year became the salary of the judge of the superior court thereof, fixed by the constitution of this State, and under the constitution (Code, § 2-4002) the salary of a judge of the superior court may be changed only by a two-thirds vote of the General Assembly, which could not be done so as to affect the salary of an incumbent judge during his incumbency. The ruling of the majority in *Freeney* v. *Brown,* supra, apparently had this view in mind when it was ruled that "Where, under the constitutional amendment ratified in 1920, the commissioners of Bibb County increased the salaries of the judges of the Macon judicial circuit by $1,000 a year, and paid to the incumbents this addition until 1933, they were not then empowered to withdraw the increase and terminate the payments," and when this court said in the opinion that "they then attempted to withdraw the increase, and provided that the 'payments' . . . were terminated. The commissioners had no such power."

We are of the opinion that the plaintiff was not entitled to recover interest on the unpaid installments of his salary. Ordinarily, in the absence of any statute providing to the contrary, claims against counties do not bear interest. 15 C. J. 607, 662. Interest is not a creature of the common law. The law allows interest only because of a contract, express or implied, for its payment, or as damages for the detention of money, or for breach of some contract, or the violation of some duty. It is very generally stated that interest, being of purely statutory origin and not

the creature of the common law, should not be awarded except in such cases as fall within the terms of the statute, unless it has been contracted for either expressly or impliedly. In other words there is no absolute right, independent of contract, express or implied, or of statute, to interest. As we have noted, the plaintiff did not hold his office by virtue of contract, and the liability of the county to pay him compensation was not a contractual liability. There is no statute in this State providing for the payment of interest on unpaid compensation due public officers. In fact, in an early decision, this court ruled: "Interest on an unpaid salary of" a district judge "can not be enforced against the county out of which the same is to be collected." *Holtzclaw* v. *Russ,* 49 *Ga.* 115 (3). In the opinion the court stated: "We do not think the compensation provided in the statute bears interest, if not paid, from the different periods of payment prescribed in the statute. We know of no instance where a salary has been held to draw interest. The district judge is a public officer, recognized by the constitution. His salary is payable quarterly, as other officers of the State; and though the law directs that the money collected for his payment shall be paid into the county treasury, and by the county treasurer paid to him, we do not think it changes the question as to interest, so as to make it different from what it would be if it were required to be paid into the State treasury, and to be paid out by the State treasurer." The final judgment in this case was erroneous in so far as it permitted the plaintiff to recover interest on the installments of supplementary salary due him for the remainder of his unexpired term ending December 31, 1926, and for the balance of his last term of office, which began January 1, 1931. It is therefore ordered that the amounts of interest included in the final judgment of the court be written off by the plaintiff.

*Judgment on the main bill of exceptions affirmed, with direction. Judgment on the cross-bill reversed. All the Justices concur, except Bell and Grice, JJ., who dissent.*

BELL, Justice, dissenting. Attention is respectfully called to the dissenting opinion filed by Mr. Justice Gilbert and concurred in by the writer, in *Freeney* v. *Brown,* 182 *Ga.* 818 (supra) ; and also to the decision in *Moseley* v. *Garrett,* 182 *Ga.* 810 (187 S. E. 20).

84

GRICE, Justice, dissenting.    Since the ratification of the amendment to the constitution dealt with in the majority opinion, there are two ways in which the judges of the superior courts may have an increase in the salary of $5,000 now paid to them by the State. One of these methods arises by virtue of that amendment of paragraph 1 of section 13 of article 6, which fixes, among other salaries, the amount which shall be paid out of the treasury of the State to the judges of the superior courts as salaries.    The amendment provides that the commissioners may, from the county treasury, supplement the salary of the judge up to an amount therein stated. There is nothing in paragraph 1 of section 13 of article 6, nor in the amendment which declares that there shall be no change in the amount of such salary during the term of the judges then in commission.    An entirely different paragraph, to wit, paragraph 2 of the same section and the same article (Code, § 2-4002), declares, among other things, that "The General Assembly may, at any time, by a two-thirds vote of each branch, prescribe other and-different salaries for any or all of the above officers, but no such change shall affect the officers then in commission."    This is the only place in the constitution where it limits the right to make a change in the salary of a judge which shall affect the officers then in commission, and the inhibition against any such change which shall affect the officers then in commission relates to such change as shall be made by the General Assembly by a two-thirds vote of each branch, and does not limit or qualify the right of the county commissioners in the exercise of the power given them in the amendment to an entirely different paragraph of the constitution.    Since the constitutional prohibition against making any change in the salary of a judge, so as to affect the officers then in commission, relates only to such salary other than the one named in paragraph 1 as may, under paragraph 2, be made by virtue of the authority given to the General Assembly by a two-thirds vote of each branch, and since there is no such limitation in the amendment now under consideration, it was within the power of the county commissioners to change, during his term of office, the amount of the supplemental salary paid to the defendant in error from the county treasury.    Such supplemental salary was not one prescribed by the General Assembly by a two-thirds vote of each branch under paragraph 2 of section 13 of article 6 of the con-

stitution. It is only as to the fixed salary paid out of the State treasury under the paragraph providing that "The General Assembly may, at any time, by a two-thirds vote of each branch, prescribe other and different salaries," etc., to which the clause in paragraph 2, to wit, "but no such change shall affect the officers then in commission," applies.