PARHAM *et al.*, examiners, *v.* ROACH.

No. 14618. SEPTEMBER 10, 1943. REHEARING DENIED OCTOBER 8, 1943.

*T. Grady Head, attorney-general,* and *R. A. McGraw, assistant attorney-general,* for plaintiffs in error.

*A. Leopold Alexander* and *Nelson & Nelson,* contra.

ATKINSON, Justice. (After stating the foregoing facts.)

■ The petition set forth a cause of action for the writ of mandamus, and the court did not err in refusing to sustain the demurrer. *Dunn* v. *Meyer,* 193 *Ga.* 91 (17 S. E. 2d, 275).

■ The petitioner testified, that he was a duly appointed and qualified member of the board from February 14, 1938, through November 9, 1938; and that the resolution of April 11, 1938, which attempted to reduce him from a member of the board to an inspector for the board, and reduced his per diem from $7.50 per day to $5 per day was done in his absence, and without his consent and approval. On this subject he testified: "I never consented or agreed for my compensation to be reduced. . . They said . . I would get the balance of the pay. . . I wasn't present at the time [the three other members] passed this resolution. . . They told me about it later. . . I didn't agree to that, . . and I protested. . . I never did agree. . . In making out my statements, the majority of the board required me to make them out at $5.00 per diem. At that time they would not pay me any greater amount. . . I did not resign or relinquish my rights as a board member. I didn't agree to serve in the capacity of an inspector rather than a board member. . . When they gave me $5.00 instead of $7.50 I was promised the balance at the expiration of my term. . . I have tried continuously since my term expired to get an adjustment of this matter with the board. All during the year 1939 I thought I was going to get it. . . Every

time a new member came on I would get some encouragement about my claim. . . I finally filed a written demand on the board. . . I did have notice that they passed [the resolution] and from then on I continued to work. . . I filed my claim [for services] at $5.00 per diem. . . There was nothing to keep me from filing it for $7.50. I expected to get the balance. I attended every meeting held by the State Board from November 9, 1938, except one at Columbus. I didn't have a vote in the meeting. . . I did not acquiesce in the set up that I act as an inspector and not participate in the voting, that the three members made. I protested. Those three members constituted a majority of the board. They excluded me from voting and refused to recognize me as a voting member. They would not have recognized my vote if I had undertaken to vote. I never agreed to not being recognized as a voting, full participating member. It was forced on me. . . As to what they said about paying me $7.50 per day, they said I would get it later. The question of my extra pay came up from time to time during the period. The three majority members took the position at that time that they would not pay it then, but later. . . The first written claim I filed asking for additional salary was in 1939."

The respondents introduced evidence in the nature of a general denial of the petitioner's right to recover, and with a view to establishing the fact that by his conduct he had waived his right, if any he had, to recover. This evidence was not sufficient to demand a finding in the respondents' favor. There was ample evidence to authorize the judge to find that the defendants were due to the plaintiff the amount claimed, and that the plaintiff had not waived his right to recover. In this respect the case differs from *Dunn* v. *Meyer*, supra, as the evidence there showed a waiver, whereas in the instant case no waiver was established.

■ Under the facts the petitioner was not estopped to claim payment for the additional unpaid portion of his per diem rate. Neither is the doctrine of stale demands or laches applicable to the facts. *Tinsley* v. *Rice*, 105 *Ga.* 285, 290 (31 S. E. 174); *Freeney* v. *Pape*, 185 *Ga.* 1 (5) (194 S. E. 515); *Best* v. *Maddox*, 185 *Ga.* 78 (2), (3) (194 S. E. 578); *Irons* v. *Harrison*, 185 *Ga.* 244 (6) (194 S. E. 749).

*Judgment affirmed. All the Justices concur.*