22693. UNDERCOFLER, State Revenue Commissioner v. SCOTT.

Argued October 13, 1964—Decided November 5, 1964.

*Eugene Cook, Attorney General, Louis F. McDonald, Assistant Attorney General,* for plaintiff in error.

*Olon E. Scott,* contra.

DUCKWORTH, Chief Justice. ■ The general rule is that a writ of mandamus may issue against officials to compel due performance of official duties. *Hart v. Head,* 186 Ga. 823 (199 SE 125); *Harmon v. James,* 200 Ga. 742 (38 SE2d 401). And mandamus lies against an officer to require the performance of a clear legal duty. *Lewis v. Gay,* 215 Ga. 90 (109 SE2d 268); *Lumpkin County v. Davis,* 185 Ga. 393 (195 SE 169). Likewise, persons holding public office may be required by mandamus to perform a continuing duty which their predecessors in office either refused or failed to do. *Weathers v. Easterling,* 153 Ga. 601 (113 SE 152); *Citizens Bank of Folkston v. Newton,* 180 Ga. 860 (181 SE 171).

Under *Code Ann.* § 92-8413 (Ga. L. 1937-38, Ex Sess., pp. 77, 85), the Revenue Commissioner is entitled to employ, discharge and fix salaries and compensation of employees in his department within the limitations of the appropriations as he may deem proper in order to discharge the responsibilities incident to the administration of the State tax system. However, the creation of the State merit system (*Code Ann. Ch.* 40-22; Ga. L. 1943, pp. 171, 177) and the bringing of this department into the system (*Code Ann.* § 40-2239; Ga. L. 1950, p. 417) has by implication changed the above law, but he is still authorized to pay all salaries and expenses of the office and to call for the necessary appropriations to do so. *Code Ann.* § 92-8416. Further, under the merit system he shall promptly comply with any order issued as the result of an appeal of any dismissed employee. *Code Ann.* § 40-2208 (Ga. L. 1943, pp. 171, 176).

Counsel for the Commissioner strongly insists that the employee should have brought this action against the Merit System Board or Council and not against the Commissioner, and that he has not proceeded administratively through channels. But the ruling of the Court of Appeals in *Scott v. Undercofler,* 108 Ga. App. 460, supra, that the discharge proceedings of Scott were a mere nullity, in effect, is a ruling that Scott has never been discharged and was an employee of the department until his

resignation as shown by the petition after he was re-employed. Further, since the letter from the Merit System Director advised him that he could expect the Commissioner to re-instate him, and since the allegations show that he was re-employed although not re-instated dispenses with any necessity of the petitioner now proceeding through channels to obtain a formal order of re-instatement. Thus, under the authority of *Board of Educ. of Richmond County v. Young,* 187 Ga. 644 (1 SE2d 739), and *Morman v. Bd. of Educ. of Richmond County,* 218 Ga. 48 (126 SE2d 217), the petition alleges a cause of action for some of the relief sought although Scott can not be fully re-instated since his petition alleges he has resigned.

The alleged salary or compensation claimed due in this instance is liquidated and certain. See *Housing Authority of City of Carrollton v. Ayers,* 211 Ga. 728 (88 SE2d 368); *McCallum v. Bryan,* 213 Ga. 669 (100 SE2d 916). And it is not a claim which is unliquidated, unascertained or doubtful as in *Powell v. Hansard,* 206 Ga. 505 (57 SE2d 677). Whether the Court of Appeals was right or wrong in the decision rendered, this employee is entitled to the emoluments of the position which he held until his resignation. Therefore, the court did not err in overruling the general demurrers thereto.

■ The remaining assignment of error complains that the defendant in error was not entitled to interest on the salary awarded him. All liquidated demands bear interest from the time the party shall become liable and bound to pay. *Code* §§ 57-107, 57-110. We are not concerned here with the amount of interest since no brief of evidence was brought up in the record and since the final judgment is not excepted to as to the amount awarded, but we are required only to rule whether or not interest could be awarded legally. Counsel for the Commissioner insists that no interest could be due because no contract exists and there is no statutory authority therefor, citing *Best v. Maddox,* 185 Ga. 78 (194 SE 578). The *Best* case reasons that the right of a judge of the superior court to his salary arises under the Constitution of the State and not by contract, hence he was not entitled to interest thereon. Likewise the court based its decision on *Holtzclaw v. Russ,* 49 Ga. 115 (3), which states

410

that the compensation provided a public officer could not draw interest. Neither of these cases is full-bench, and we will not follow this reasoning because it is not binding on this court and is unsound. There is a definite contractual relation between every employee and employer whether the employee is a public officer or not. Thus the employee here being entitled to and having been denied payment of his salary and having made demand therefor which was refused, the court did not err in awarding interest thereon.

Since there is no merit in the assignments of error, the lower court did not err in holding the employee was entitled to all benefits accruing up to his resignation and finding same to be in a definite amount, including interest.

*Judgment affirmed. All the Justices concur.*