## 58098. BROWN et al. v. CITY OF EAST POINT.

UNDERWOOD, Judge.

Appellants, employees of the City of East Point, filed a class-action suit in December 1975 to require the city to implement incremental pay raises enacted by the city council the previous year, effective July 1, 1974. The successor city council, in enacting the budget for fiscal year 1975-1976, decided not to fund the incremental increases. Appellants contend that they have a vested contractual right to the pay raises and that the city is required to fulfill the obligation. The city, on the other hand, contends that it has followed both its charter and state law in adopting its budget and that the exclusion of funds for the incremental salary increases was properly within its power. This appeal is from the grant of summary judgment to the City of East Point and denial of summary judgment to appellants. We affirm.

It is unquestioned that the city has "[t]he power to establish municipal offices, agencies, and employments; to define, regulate, and alter the powers, duties, qualification, compensation, and tenure of all municipal officers, agents, and employees . . ." Code Ann. § 69-310. It is also clear that "[o]ne council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." Code § 69-202; *Williams v. City Council of West Point,* 68 Ga. 816 (1882).

While there have been departures from the strict application of the prohibition against long-term binding

obligations by city councils, and the state of the law concerning multi-year municipal obligations is unsettled (see *City of Summerville v. Ga. Power Co.,* 205 Ga. 843 (55 SE2d 540) (1949); *DeKalb County v. Ga. Paperstock Co.,* 226 Ga. 369 (174 SE2d 884) (1970); Sentell, Local Government and Contracts that Bind, 3 Ga. L. Rev. 546 (1969); Sentell, Binding Contracts in· Georgia Local Government Law: Recent Perspectives 11 Ga. S. B. J. 148 (1975)), we are satisfied that this case is governed by the plain meaning of Code § 69-202. In applying that section both this court and our Supreme Court have struggled to make a meaningful distinction between governmental functions and proprietary functions; and, while long-term commitments which could be characterized as proprietary have been permitted, attempts at binding arrangements with respect to governmental functions have been prohibited. *Horkan v. City of Moultrie,* 136 Ga. 561 (71 SE 785) (1911); *Johnson v. State of Ga.,* 107 Ga. App. 16 (128 SE2d 651) (1962); *Jonesboro Area Athletic Assn. v. Dickson,* 227 Ga. 513 (181 SE2d 852) (1971).

Although the tests for characterizing municipal obligations as involving impermissible "governmental" or permissible "proprietary" functions have been somewhat illusive, resulting in what might best be called a case-by-case approach (*City of Summerville v. Ga. Power Co.,* supra; *Jonesboro Area Athletic Assn. v. Dickson,* supra, and cits.), there can be no serious question that the circumstances now before us concern a governmental function. There is no more fundamental function of a municipal government than formulating its annual budget and collecting the necessary revenues to fund such budget. In our view if there is justification for applying Code § 69-202 to any "matters of municipal government" to protect them from the constraints or actions of preceding officers, it is in formulating the personal services component of a current operating budget. The labor market, strength of the local economy, and total manpower needs are examples of variables which must be assessed each year in the budgetary process. We attribute to the framers of Code § 69-202 the intent to preserve for municipal governments freedom from ordinances which "bind" and "prevent free legislation in matters of

municipal government" such as operating budgets. We therefore find Ordinance 2.81.6 of the City of East Point to be in conflict with § 69-202 and not enforceable.

Since we hold that the city council was precluded by Code § 69-202 from establishing prospective pay levels for city employees for a five-year period without regard to the budgetary process, it is not necessary to address the question of whether these city employees acquired a vested contractual right to pay increments described in Ordinance 2.81.6. In this regard, we do not find that the narrow factual setting of *Undercofler v. Scott,* 220 Ga. 406 (139 SE2d 299) (1964) would provide a comfortable foundation for a holding that municipal employees have a vested contractual right to future pay raises authorized by general ordinance but not funded in the budgetary process. *Undercofler* does hold that there is a contractual relationship between employees and their employer, but it would appear to be an unjustified extension of that case to hold that municipal employees acquire contractual rights to future pay raises. The rationale of *Undercofler* is that an employee's performance of satisfactory service is consideration for a contractual relation with his employer. We are in agreement with that premise and would vigorously oppose any doctrine which would permit a municipality, by failure to include adequate funds in its budget, to evade its responsibilities to satisfy vested rights of employees such as pension rights; and no such doctrine would be viable under the constitutional prohibition against impairment of contracts.

However, here the record discloses only what we perceive to be a unilateral commitment by the East Point City Council to provide salary increments for the succeeding five years. There is no indication of a corollary agreement by the employees to perform a stated service or even to be city employees for the period covered by the ordinance. In these circumstances, we hold that the purported contractual relationship concerning the five-year salary increments lacks the necessary mutuality of consideration to constitute valid contractual obligations.

*Judgment affirmed. Deen, C. J., Quillian, P. J., Birdsong and Carley, JJ., concur. McMurray, P. J.,*

*Shulman and Banke, JJ., dissent. Smith, J., not participating.*

ARGUED JULY 11, 1979 — DECIDED NOVEMBER 30, 1979 — REHEARING DENIED DECEMBER 19, 1979 —

*Donna J. Salem,* for appellants.
*George N. Sparrow, Jr.,* for appellee.

BANKE, Judge, dissenting.

It is unquestioned that the city has "[t]he power to establish municipal offices, agencies, and employments; to define, regulate, and alter the powers, duties, qualification, compensation, and tenure of all municipal officers, agents, and employees . . ." Code Ann. § 69-310. However, property rights such as those in contention here, may not be "taken . . . through indiscriminate, arbitrary or capricious means." *Deason v. DeKalb County Merit Sys. Council,* 110 Ga. App. 244 (138 SE2d 183) (1964); *City of East Point v. Grayson,* 109 Ga. App. 413 (136 SE2d 434) (1964).

By the terms of the city's charter, appellants, among them police officers and fire and sanitation personnel, are "classified personnel," whose "term of office or contract of employment . . . shall continue during good behavior and efficient service . . ." "There is a definite contractual relation between every employee and employer whether the employee is a public officer or not." *Undercofler v. Scott,* 220 Ga. 406, 410 (139 SE2d 299, 302) (1964); but see *Owens v. Floyd County,* 96 Ga. App. 25 (99 SE2d 560) (1957)and cits. The ordinance passed by the 1974 city council gave the appellants a vested right to receive the salaries established in that ordinance unless and until it was properly repealed. The decision not to appropriate funding for the increases falls short of repeal. While it is true "[o]ne council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government," (Code Ann. § 69-202), an ordinance is nevertheless binding until properly repealed. For these reasons I dissent.

I am authorized to state that Presiding Judge

McMurray and Judge Shulman join in this dissent.