72515. ADAMS et al. v. CITY OF ATLANTA et al.
(347 SE2d 647)

SOGNIER, Judge.

Walter K. Adams and twenty-six other employees of the Atlanta Bureau of Fire Services filed suit against the City of Atlanta, the Mayor of Atlanta, and the Public Safety Commissioner of Atlanta to recover back wages for the duties they performed in higher classified

positions while restricted by court order from assuming the ranks concomitant with those duties. The trial court, interpreting this court's decision in *Smith v. City of Atlanta*, 167 Ga. App. 458 (306 SE2d 720) (1983), found that because their entitlement to back wages was based on municipal ordinance, the statute of limitation applicable to their suit was the two year statute of limitation of OCGA § 9-3-22 and accordingly granted summary judgment in favor of the City, Mayor and Public Safety Commissioner on the basis that the statute of limitation had expired. This appeal ensued.

We agree with appellants that the applicable statute of limitation here is OCGA § 9-3-24, the six-year statute for actions on contracts, and therefore we reverse the trial court's grant of summary judgment to appellees. It is uncontroverted that there was a definite contractual relation between appellants and appellees even though appellants were public officers. See *Undercofler v. Scott*, 220 Ga. 406, 410 (2) (139 SE2d 299) (1964). "[A]n employee's performance of satisfactory service is consideration for a contractual relation with his employer." *Brown v. City of East Point*, 152 Ga. App. 801, 803 (264 SE2d 267) (1979). As in *Smith*, supra, appellants seek to enforce the contract between themselves and appellees for the amount of salary which accompanied their various temporary job advancements. "In the case before us now, *no discretion* is involved in the payment of salary for work performed." (Emphasis supplied.) Id. at 461. The municipal ordinance involved here did not provide the basis for appellants' claim for compensation. It merely set forth the circumstances under which a contractual claim for wages earned would be cognizable by appellees. Thus, although the municipal ordinance restricts *when* a public employee has a claim for a salary increase under a temporary job advancement situation, the ordinance has no effect *whether* a claim, made within the limits of the municipal ordinance, is viable. Thus appellants, upon establishing that they met the steps outlined in the municipal ordinance, were entitled to payment for work performed under a contractual theory, see *Brown*, supra, and OCGA § 9-3-24 is therefore the applicable statute of limitation.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 25, 1986 —
REHEARING DENIED JULY 9, 1986 —

*Robert H. Walling, Bettye H. Kehrer*, for appellants.
*Marva Jones Brooks, Malcolm J. Hall, Robin S. Phillips*, for appellees.