### S98A0196. LEE v. PEACH COUNTY BOARD OF COMMISSIONERS et al.
(497 SE2d 562)

THOMPSON, Justice.

Laurens C. Lee was appointed by the Judges of the Superior Court of the Macon Judicial Circuit to fill the unexpired term of the Chief Magistrate of Peach County after the previous chief magis-

trate, Linda O'Neal, was ordered removed by this Court. The duration of the unexpired term was from April 18, 1995 to December 31, 1996. At the time of her removal, O'Neal was receiving an annual salary of $27,101.04. Shortly after Lee's appointment, the Peach County Board of Commissioners (Board) set his annual salary at $18,144.72.[1]

Lee filed a petition for writ of mandamus contending that the Board acted in violation of OCGA § 15-10-23 (a), which provides that "no chief magistrate's compensation . . . shall be decreased during any term of office." The trial court found that the Board made no representation to Lee prior to his appointment concerning the amount of salary he would receive; that the Board is vested with authority to set the salary in accordance with minimum limits set by law; and that the Board acted within its legal authority (the minimum base salary at the time was $13,125). The mandamus petition was dismissed. For the reasons which follow, we hold that Lee was entitled to a writ of mandamus to compel the Board to compensate him at the rate in effect at the time of his appointment.

Article VI, Section VII, Paragraph V of the 1983 Georgia Constitution provides with respect to the compensation of judges that "[a]n incumbent's salary, allowance, or supplement shall not be decreased during the incumbent's term of office." An incumbent is one "who is legally qualified to exercise the powers and perform the duties which pertain to it." (Citations and punctuation omitted.) *Garcia v. Miller*, 261 Ga. 531, 532 (408 SE2d 97) (1991). Likewise, incumbent is defined in Black's Law Dictionary (6th ed. 1991), p. 768, as one "who is in present possession of an office and it is not limited, qualified or restricted by the method by which one attained office . . . . One who is legally authorized to discharge the duties of an office." Since Lee had been performing the duties of chief magistrate before the Board took action to reduce his salary, he was at that time an incumbent in office.

OCGA § 15-10-23 (a) also prohibits a chief magistrate's compensation or supplement from being decreased "during any term of office." A "term of office" has been defined as the "statutorily-set, definite extent of time an elective office may be held." *Lee v. City of Villa Rica*, 264 Ga. 606, 609 (449 SE2d 295) (1994). Lee's compensation was decreased after he assumed the office of chief magistrate.

The Board violated both the constitutional and statutory man-

---

[1] O'Neal's salary included a $2,400 annual supplement for serving as her own clerk of court. Because Lee appointed another individual to serve as clerk of court, his salary did not include the supplement. In this case, we are not required to reach the question of whether a conflict of interest is created by allowing the chief magistrate to also serve as the clerk of court.

dates in reducing Lee's salary during the unexpired term which he was serving. And the writ of mandamus is available to recover the salary due him. *Best v. Maddox*, 185 Ga. 78 (1) (194 SE 578) (1937).
  *Judgment reversed. All the Justices concur.*

DECIDED APRIL 13, 1998.

*Jones & Oliver, Charles E. Jones,* for appellant.
*Culpepper & Liipfert, Charles J. Liipfert,* for appellees.