### S99A0718. DUDLEY et al. v. ROWLAND.
(517 SE2d 326)

HUNSTEIN, Justice.

In a mandamus action to determine the propriety of the refusal by the Johnson County Board of Commissioners to compensate the chief magistrate as a full-time magistrate, the trial court held that the Commissioners were not authorized to alter the terms of service of the chief magistrate of Johnson County. We affirm.

Joe W. Rowland has served as Chief Magistrate of Johnson County since July 1, 1983. The Magistrate Court of Johnson County is staffed by Judge Rowland and one additional appointed magistrate.[1] Rowland is presently serving a term of office that began January 1, 1997 and ends December 31, 2000 as authorized by OCGA § 15-10-20 (d). Prior to January 1997, Rowland served in a part-time capacity. However, in September 1996, Rowland wrote a letter to the Commissioners stating that because of the workload, the position of chief magistrate would be full-time effective January 1, 1997; the commencement of his next term. In a letter dated January 7, 1997, the Commissioners agreed and funded the position in accordance with OCGA § 15-10-23 (a) (2).[2] In February 1998, the Commissioners reconsidered, questioning whether the chief magistrate's position

---

[1] Prior to January 1997, the office was staffed by a part-time Chief Magistrate (Rowland) and two part-time appointed magistrates.

[2] In 1997, Rowland's salary was $20,442, calculated as full-time and in accordance with OCGA § 15-10-23 (a) (2) and (j).

required a full-time employee and whether Judge Rowland had the authority to declare himself full-time. The Commissioners decided they could control the fiscal impact of additional pay increases by reducing Judge Rowland's work schedule back to part-time, while maintaining his hourly rate and level of pay.[3] In April 1998, Rowland filed a petition for writ of mandamus seeking an order requiring the Commissioners to pay him the compensation specified in OCGA § 15-10-23. In an interim order the trial court ruled that Rowland worked in a full-time capacity as shown in the verified statements as to the hours worked for each given day. The trial court thereafter awarded summary judgment to Rowland ruling that the undisputed evidence showed that Rowland met the statutory definition of a full-time chief magistrate by regularly dedicating 40 or more hours per week to the position.

Subject to OCGA § 15-10-20 (b) the term of office of any magistrate is four years. The statutory distinction between working in a full-time capacity and a part-time capacity is determined solely by the number of hours served by the chief magistrate in fulfilling the responsibilities of the judicial office.[4] Any reduction in compensation for a chief magistrate who serves in a full-time capacity is contrary to the express language of OCGA § 15-10-23 (a) that "no chief magistrate's compensation or supplement shall be decreased during any term of office."

We agree with the trial court that the salary the law provides for the office of a full-time chief magistrate controls here. The minimum salary for a full-time chief magistrate is provided in OCGA § 15-10-23. Although OCGA § 15-10-23 (a) allows a county to supplement the minimum annual salary "as it may fix from time to time," the statute does not similarly provide an avenue for a county to impose a salary decrease below the statutory minimum. Any change in compensation for county magistrates can be effected only by a local act of the General Assembly. See OCGA § 15-10-23 (a) (3) and (e).

The Commissioners violated constitutional, Art. VI, Sec. VII, Par. V, Georgia Constitution (1983), and statutory mandates by reducing Rowland's compensation during the term for which he was elected. Accordingly, we affirm the issuance of the writ of mandamus. *Lee v. Peach County Board of Commrs.*, 269 Ga. 380 (497 SE2d 562) (1998).

*Judgment affirmed. All the Justices concur.*

---

[3] For 1998, the Commissioners budgeted $26,041 for Rowland's salary, in accordance with OCGA § 15-10-23 (a) (3) and (j). However, Rowland continued to receive the same monthly amount for January, February, and March 1998 as he had in 1997.

[4] "[T]he term 'full-time capacity' means a work week of no less than 40 hours." OCGA § 15-10-23 (a) (1).

DECIDED JUNE 1, 1999.

*Johnny W. Warren, Jones, Hilburn, Claxton & Sanders, Eric L. Jones,* for appellants.

*Almand & Wiggins, O. Hale Almand, Jr., Thompson & Thompson, Scott B. Thompson,* for appellee.