S04A0905. MADDOX et al. v. HAYES.
(598 SE2d 505)

THOMPSON, Justice.

Judge Judith R. Hayes is the Chief Magistrate of Henry County. Her minimum, or base, salary is set by statute at $60,938.35. OCGA § 15-10-23 (a). She also receives a county supplement pursuant to OCGA § 15-10-23 (d). Beginning December 9, 2002, and ending March 17, 2003, Hayes was paid on the basis of an annual salary of $79,871.25. This was a significant increase over Hayes' previous yearly salary of $69,378.32. The new salary was calculated by Hayes, and approved by the county, using the same methodology that was used in the past, i.e., by applying cost of living increases to Hayes' previous salary — which included, inter alia, cost of living increases. The new salary was designed to reflect longevity increases, county supplements and cost of living increases for Hayes' 20 years of service.

The county attorney opined that Hayes' salary was calculated incorrectly because it was being compounded by the cost of living adjustments. The county looked into the matter and, using a method of calculation specified by the county attorney, determined that Hayes' salary should be $70,939.34. Future salary payments were made to Hayes on the basis of this revised amount. To recoup a portion of the excess salary previously paid to Judge Hayes, the county withheld $916.10 from her paycheck.

Hayes sought mandamus and a restraining order to prevent the county from modifying her salary. The superior court awarded Hayes the relief she sought. It also awarded her $916.10, the amount withheld from her salary. This appeal followed.

1. The motion to dismiss is denied. The appeal is not moot simply because after the filing of the appeal, the county raised Hayes' salary to $96,637.58. Questions remain concerning the proper amount of Hayes' previous salary, and whether she is due monies that the county withheld.

2. Hayes posits that whether she, and the county, incorrectly calculated her previous salary is immaterial because, once her salary was set at $79,871.25, it could not be reduced. We disagree.

A legislative body, be it state or county, cannot reduce the salary, allowance or supplement of a sitting judge. Constitution of the State of Georgia, Art. VI, Sec. VII, Par. V. Thus, a county cannot decrease a chief or other magistrate's compensation or supplement during his or her term of office. OCGA § 15-10-23 (d). See also *Best v. Maddox*, 185 Ga. 78, 80 (194 SE 578) (1937). But this is not to say that a county cannot reduce a judge's salary when it is shown to be inflated erroneously. A county is not required to continue to pay too much simply because it has paid too much in the past. Simply put, a county cannot reduce a judge's correctly calculated salary or supplement; but an incorrectly calculated salary is not the amount due the recipient; and the county can, and should, reduce it.

3. The mere fact that Hayes' inflated salary was calculated on the basis of the same methodology as that which was used previously does not estop the county from paying Hayes the reduced salary that she is actually due. Estoppel cannot be used to establish a duty on the part of the public where none exists by law. *Ben Hill County Bd. of Ed. v. Davis*, 270 Ga. 452, 453 (2) (510 SE2d 826) (1999). As it is said, "The state is bound only by its laws and everyone must take notice thereof and recognize that public administrative officers cannot change the laws. [Cit.]" *P.C. Gailey Contractors v. Exxon Co.*, 143 Ga. App. 827, 829 (2) (240 SE2d 208) (1977).

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 28, 2004.

*Jill S. Goodman, Patrick D. Jaugstetter, LaTonya N. Wiley*, for appellants.

*Allen W. Bodiford, Martin C. Jones, Sexton & Morris, Ricky W. Morris, Jr., O'Quinn & Cronin, Michael A. O'Quinn*, for appellee.