S04A1330. POPPELL v. GAULT et al.

(603 SE2d 271)

BENHAM, Justice.

In 1999, appellant Ralph Poppell was elected to a four-year term as chief magistrate of McIntosh County, commencing January 1, 2000. For three and one-half years of the four-year term, Chief Magistrate Poppell received a salary pursuant to the statutory salary schedule for full-time chief magistrates set forth in OCGA § 15-10-23 (a) (2). In September 2003, after becoming aware of testimony in a lawsuit[1] involving compensation for an associate magistrate that Chief Magistrate Poppell worked in the office two days a week, appellee Board of Commissioners of McIntosh County asked the chief magistrate to certify the time he spent performing his duties as magistrate. See OCGA § 15-10-23 (a) (3). When Chief Magistrate Poppell declined the request, the Board directed its secretary to pay the chief magistrate pursuant to § 15-10-23 (a) (3) as a part-time chief magistrate for two days of work per week. Chief Magistrate Poppell then filed a petition for mandamus in which he contended the Board had violated the Georgia Constitution and Georgia law by decreasing his salary during his term of office (see Ga. Const. 1983, Art. VI, Sec. VII, Par. V; OCGA § 15-10-23 (d)), and sought issuance of a writ of mandamus compelling the Board of Commissioners to pay him the annual salary, allowances and supplements he had been receiving prior to November 2003. On March 11, 2004, the trial court denied the petition for writ of mandamus and injunctive relief, and appellant filed a timely notice of appeal to this Court.

OCGA § 15-10-23 is the statutory framework for determining a magistrate's salary. The statute distinguishes between chief magistrates who serve in a full-time capacity and do not serve as probate judge, and "[a]ll other chief magistrates. . . ." OCGA § 15-10-23 (a) (2) and (a) (3). A chief magistrate who serves in a full-time capacity is one "who regularly exercises the power of a magistrate as set forth in Code Section 15-10-2 at least 40 hours per workweek." OCGA § 15-10-23 (a) (1). "The statutory distinction between working in a full-time capacity and a part-time capacity is determined solely by the

---

[1] See *Jennings v. McIntosh County Bd. of Commrs.*, 276 Ga. 842 (583 SE2d 839) (2003).

number of hours served by the chief magistrate in fulfilling the responsibilities of the judicial office." *Dudley v. Rowland*, 271 Ga. 176, 177 (517 SE2d 326) (1999). The means by which the number of hours served by the chief magistrate is determined is the chief magistrate's certification to the county governing authority of "the number of actual hours worked by the chief magistrate. . . ." OCGA § 15-10-23 (a) (3). Cf. *Dudley v. Rowland*, supra, 271 Ga. at 177 (when earlier version of statute did not provide for certification of hours to county governing authority, verified statement as to hours worked each day by chief magistrate led trial court to conclude chief magistrate met statutory definition of a full-time chief magistrate).

1. It is both unconstitutional and a violation of state law to decrease an incumbent's salary, allowance, or supplement during the incumbent's term of office. Ga. Const. 1983, Art. VI, Sec. VII, Par. V; OCGA § 15-10-23 (d). The county governing authority may not decrease a full-time chief magistrate's compensation by reducing the chief magistrate's work schedule to part-time status. *Dudley v. Rowland*, supra. Nor may a county governing authority reduce the compensation of one appointed to fill the unexpired term of chief magistrate after the appointment. *Lee v. Peach County Bd. of Commrs.*, 269 Ga. 380 (497 SE2d 562) (1998). However, a county governing authority may reduce the amount it pays a chief magistrate when the greater amount is not the amount due the recipient. *Maddox v. Hayes*, 278 Ga. 141 (598 SE2d 505) (2004). In the case at bar, there was evidence the chief magistrate was no longer regularly exercising the powers of a magistrate at least 40 hours a week, and the chief magistrate declined to certify the number of actual hours he did work.[2] A chief magistrate working less than full-time is not entitled to the salary of a full-time chief magistrate. Compare OCGA § 15-10-23 (a) (2) with § 15-10-23 (a) (3). Inasmuch as "the extraordinary writ of mandamus will not lie unless the petitioner seeking it has a clear legal right to have the act performed [cit.]," (*Jennings v. McIntosh County Bd. of Commrs.*, 276 Ga. 842, 843 (1) (583 SE2d 839) (2003)), the trial court did not err when it denied Chief Magistrate Poppell's petition for issuance of a writ of mandamus to compel the county governing authority to pay him the salary, allowances, and supplements due a full-time chief magistrate of McIntosh County.

2. On appeal, Chief Magistrate Poppell contends that, to the extent OCGA § 15-10-23 (a) (3) authorizes the county governing

---

[2] Included in the appellate record is an eight-page excerpt of Chief Magistrate Poppell's testimony in the hearing held by the trial court. He testified he held civil court on Monday and criminal court on Tuesday and conducted probable cause hearings at any time "to accommodate the people and the sheriff's department." He stated he exercised his duties 40 hours a week, but did not work 40 hours a week.

authority to require an elected chief magistrate to certify the number of actual hours worked, it violates Art. I, Sec. II, Par. III of the Georgia Constitution, which contains the "separation of powers" provision of the state constitution.[3] The trial court did not rule on the constitutionality of the statute, and we decline to address the issue because this Court "will not rule on a challenge to the constitutionality of a statute unless the issue has been raised and ruled on in the trial court." *Lucas v. Lucas*, 273 Ga. 240, 242 (3) (539 SE2d 807) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Donald O. Nelson*, for appellant.
*Douglas W. Alexander*, for appellees.

---

[3] "The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided."