A07A2490. KROMER v. BECHTEL.
(656 SE2d 910)

ANDREWS, Presiding Judge.

Dee Ann Kromer sued Bruce Bechtel after she was injured in an automobile accident. Bechtel offered Kromer $9,000 to settle the case and Kromer did not respond. Accordingly, the offer was deemed rejected and the case went to trial. The jury awarded Kromer $10,000. Bechtel filed a motion for attorney fees and expenses under OCGA § 9-11-68 because the judgment obtained by Kromer was not at least 25 percent more favorable than the offer of judgment. Bechtel filed this motion on June 20, 2006. Kromer did not respond to the motion. On May 30, 2007, the trial court, having received no response from Kromer and no request for a hearing, granted the motion.

1. On appeal, for the first time, Kromer claims that it is unconstitutional to apply OCGA § 9-11-68 retroactively, that OCGA § 9-11-68 is unconstitutional in that it violates the fundamental right of access to the courts, and also violates the rights of due process and equal protection. Because Kromer never raised these constitutional issues in the trial court and therefore the trial court has not ruled on them, they cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there. Poppell v. Gault, 278 Ga. 437, 439 (603 SE2d 271) (2004). Had the constitutional challenge been raised and ruled on in the trial court, and if it presented an unresolved question, jurisdiction of this case would be in our Supreme Court. Osburn v. Goldman, 269 Ga. App. 303, 306 (603 SE2d 695) (2004).

2. Kromer also claims that the trial court erred in granting Bechtel's motion for fees and expenses because OCGA § 9-11-68 was amended effective April 27, 2006, to change the percentage that a party must recover in order to avoid assessment of attorney fees.[1] Kromer argues that under the amended version of the statute, she would not have been required to pay any fees or costs.

The law in effect at the time the lawsuit was filed and at the time the offer of judgment was made provided that the offeree shall pay the

---

[1] As with the previous enumerations, Kromer never raised this issue in the trial court.

offeror's attorney fees and costs incurred if the offeree rejects or does not accept the offer and the judgment finally obtained by the offeree is "not at least 25 percent more favorable than the last offer." The 2006 amendment, effective April 27, 2006, substituted "if the final judgment . . . obtained by the plaintiff is less than 75 percent of such offer of settlement." OCGA § 9-11-68 (b) (1).

"[W]hen the law has been changed, a reviewing court must apply the law as it exists at the time of its judgment, if the application of the new law will not impair vested rights." (Citation and emphasis omitted.) *Haezebrouck v. State Farm &c. Ins. Co.*, 216 Ga. App. 809, 810-811 (455 SE2d 842) (1995). The Georgia Constitution prohibits retroactive laws that affect or impair substantive rights under prior law which have vested at the time the subsequent law takes effect. Ga. Const. of 1983, Art. I, Sec. I, Par. X; *Devore v. Liberty Mut. Ins. Co.*, 257 Ga. App. 7, 9 (570 SE2d 87) (2002). Applying the current statute retroactively in this case would impair Bechtel's rights to recover attorney fees and costs under the statute in effect at the time the offer of settlement was made. There was no error.

*Judgment affirmed. Adams, J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED JANUARY 24, 2008.

*John R. Dickey*, for appellant.
*Bouhan, Williams & Levy, Peter Muller*, for appellee.