### 4942.  EVANS *v.* CITY OF SANDERSVILLE.

1. A person accepting and entering upon the discharge of the duties of a municipal office must be deemed to have notice of all of the provisions of the municipal charter, and can recover compensation for his services only in the manner and to the extent therein provided.

2. Where the municipal charter provides by ordinance for the compensation of municipal officers, and thereafter services are rendered which come within the scope of the duties of the municipal office, there is no implied assumpsit in favor of the plaintiff for the rendition of the services, when they are such as are included within the scope of his general duties.

3. If the court erred at all in the direction of the verdict, the error was against the defendant, and affords the plaintiff no ground for complaint.

DECIDED OCTOBER 31, 1913.  REHEARING DENIED DECEMBER 9, 1913.

Complaint; from city court of Sandersville—Judge Jordan. May 1, 1913.

*Evans & Evans,* for plaintiff.

*J. J. Harris, A. R. Wright,* for defendant.

RUSSELL, J. The plaintiff is a physician. In the year 1911, during an epidemic of smallpox in the city of Sandersville, Georgia, the then city physician resigned, and the plaintiff, Dr. Evans, was elected in his stead, and, in behalf of the municipality, assumed the care of those suffering from the disease. Dr. Evans was again elected city physician, for the year 1912. In November, 1912, an epidemic of smallpox broke out in the city and the situation appeared so grave that the city council met on a Sunday afternoon to devise means for the care of those who were afflicted with it, and also to prevent the further spread of the disease. At this meeting Dr. Evans, as city physician, was instructed to take charge of the smallpox situation and render the necessary medical attention. It appears from the record that there was no agreement as to his compensation, and nothing was said as to whether the patients were to be treated by Dr. Evans in his personal capacity as an ordinary practitioner, or by virtue of his office as city physician. The plaintiff himself testifies that he was directed to attend the smallpox patients as city physician, and that he treated them in that capacity. After the termination of the epidemic the mayor and council, as appears from their answer, by ordinance fixed the compensation of the city physician for attending the smallpox patients, at the sum of $400. The plaintiff refused to accept this amount, and brought the present suit, upon open account, for $1,203 for visits, $75 for 500 vaccinations, $50 for services as sanitary inspector, and $100 for fumigation and disinfection; making a total of $1,428. The judge directed a verdict in favor of the plaintiff for $400, the amount allowed by the municipal authorities; and the plaintiff excepted, upon four grounds: (1) Because the action of the court in arbitrarily directing a verdict for an amount less than that shown by the evidence to be due is contrary to law and evidence. (2) Because the withdrawal of the case from the jury denied the plaintiff his substantive rights as a litigant. (3) Because the undisputed evidence showed that the plaintiff was entitled to recover $1,428, instead of the sum of $400 directed by the court. (4) Because the ruling of the court is contrary to the principles of justice and equity, and contrary to law.

The four exceptions really present but the single question whether

this plaintiff, who is conceded to be the city physician of Sandersville, can, in any view of the case, collect more for his services, rendered at the direction of the municipality, than the sum fixed by it. Of course, if the case were one of an ordinary suit upon account, it would have been error for the judge to direct a verdict. And even if a verdict had been directed for the plaintiff, as there is no question made as to the amount of his charges, the jury should have been directed to find for him the sum of $1,428. As holder of the office of city physician his compensation was fixed and his duties were defined. He admits that he rendered the services as city physician. When he was directed by the council to treat the smallpox patients he could have declined to do so, and it was in his power to resign his office. If, thereafter, the city council had employed him, on account of his experience in the treatment of this disease, and he had proceeded to treat the smallpox patients in his individual capacity, the city might have been liable for whatever might have been the reasonable value of his services, presumably a sum not smaller than that which he sued for. But he did not decline, as his predecessor had done, to treat the smallpox patients for the compensation allowed as his annual salary.

It is well settled that a municipal officer can not receive extra compensation for services already embraced within the scope of his duties. This case falls clearly within that rule; and if there was any error in directing the verdict, it was error against the defendant, and not against the plaintiff, and the plaintiff can not be heard to complain.         *Judgment affirmed.*