## 52842. WEBER et al. v. CITY OF ATLANTA.

ARGUED OCTOBER 4, 1976 — DECIDED OCTOBER 22, 1976 — REHEARING DENIED NOVEMBER 4, 1976 —

*Joe Salem, Thomas K. Isaacs,* for appellants.

*Robert S. Wiggins, Henry L. Bowden, Ferrin Y. Mathews,* for appellee.

DEEN, Presiding Judge.

1. We deal first with the appellants' contention that they would be entitled to recovery under the theory of quantum meruit. There is a long line of cases which hold that quantum meruit is not a proper theory of recovery under circumstances such as exist here; the Georgia cases are in accord with the general principle. "A public officer takes his office cum onere, and so long as he retains it he undertakes to perform its duties for the compensation fixed, whether such duties be increased or diminished. He can not claim extra compensation for the performance of additional work within the line of his official duties, unless additional compensation is provided by competent authority." *Twiggs v. Wingfield,* 147 Ga. 790 (1) (95 SE 711). See also, e.g., *Evans v. City of Sandersville,* 14 Ga. App. 54 (2) (80 SE 219); *Mitchell v. City of Thomasville,* 50 Ga. App. 304 (178 SE 161). The appellants suggest that we overrule these decisions which bar recovery under quantum meruit for municipal employees. However, even if we were to overrule the decisions of this court, which we are disinclined to do, we have no power to overrule or ignore a decision of the Supreme Court of this state. A person accepting a municipal office "can recover compensation for his services only in the manner and to the extent" provided in the municipal charter. *Evans v. City of Sandersville,* 14 Ga. App. 54 (1), supra.

2. Since the appellants can recover only under the authority of a municipal charter, we turn to the language of the Code of Ordinances of the City of Atlanta. § 21-9 of that Code, which all parties agree is applicable to the appellants, provides in part: "(a) General. *Unless otherwise specified,* the work week for all positions in the city government shall be five (5) days or five (5) nights of eight (8) hours each, which may begin any day of the week and/or any hour of the day . . ." (Emphasis supplied.)

The thrust of the appellants' argument is that because § 21-9 of the Atlanta Code does *not* otherwise specify that

they are *not* entitled to overtime pay, they are therefore entitled to it. We disagree. "It is a general and undisputed proposition of law that a municipal corporation possesses, and can exercise, the following powers, and no others: first, those granted in *express* words; second, those necessarily or fairly implied; third, those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable." *Jewel Tea Co. v. City Council of Augusta,* 59 Ga. App. 260 (1) (200 SE 503). (Emphasis supplied.) A public official "can *not* claim extra compensation for the performance of additional work within the line of his official duties, *unless* additional compensation *is provided* by competent authority." *Mitchell v. City of Thomasville,* 50 Ga. App. 304, supra. It is therefore clear that if the appellants are entitled to payment for overtime work, it must be because the City of Atlanta has authorized such payment and not because it has failed to prohibit such remuneration. "In the absence of an ordinance to pay other than a fixed salary, the city was under no obligation and, in fact, had no authority, to pay him for so-called overtime work." City of Homestead v. De Witt, 126 S2d 582, 584 (Fla. 1961).

The Code of Ordinances of the City of Atlanta provides for payment for overtime work by its employees. It therefore remains only to determine whether the appellants can recover under the language of § 21-60, which provides in part that municipal employees are to be paid for overtime work if they are "in classes *authorized* to work overtime . . ." (Emphasis supplied.) Subsection (d) of § 21-60 provides: "The finance committee shall issue written rules and regulations to accomplish the intent of this section . . ." It is thus apparent that § 21-60, which is the only *specific* ordinance dealing with overtime work and payment, limits such payment to classes authorized to work overtime and gives the finance committee the power to accomplish this intent.

The record contains a list of "Classifications of Employees Eligible to Work Overtime at One and One-Half Times Regular Rates," as determined by the finance committee of the City of Atlanta, acting pursuant to its authority under § 21-60 (d). Nowhere on that list does there appear the employment classification into

which the appellants are assigned. The only conclusion is therefore that the appellants have not been authorized by the finance committee to receive payment for overtime and that not being so authorized they cannot recover. If overtime cannot be recovered in the absence of a specific ordinance, likewise a recovery may not be had under such a specific ordinance unless the claimant meets the requirements thereunder for such authorization.

The trial judge's order, finding that §§ 21-9, 21-60 of the Code of Ordinances of the City of Atlanta do not of themselves provide overtime compensation for the appellants, was correct. "A person accepting and entering upon the discharge of the duties of a municipal office must be deemed to have notice of all of the provisions of the municipal charter, and can recover compensation for his services only in the manner and to the extent therein provided." *Evans v. City of Sandersville,* 14 Ga. App. 54 (1), supra.

3. The record demonstrates that it had been the standing policy for the appellants and those similarly situated to receive compensatory time off in lieu of monetary recompense for any overtime worked. The appellants here urge that they have "chosen" to be paid rather than take their compensatory time. "The rule is well established that, 'the fact normal hours of work are established and compensating time off is provided for work beyond those hours does not, of itself, give the employee a right to payment for overtime . . . and in the absence of either a valid contract or statute, there is no basis for recovery by respondent." Pootel v. City & County of San Francisco, 125 C. A. 2d 378 (270 P2d 553) (Calif. 1954). For the reasons presented in Division 1 of this opinion, the appellants have been demonstrated not to be within the authorized classifications for *payment* of overtime; they have no "election" between payment or time off, being barred from the former relief by the language of the ordinance and eligible only for the latter under their contract with the city.

4. The denial of the appellant's motion for summary judgment was proper; the granting of the appellee's was likewise correct.

*Judgment affirmed. Webb and Smith, JJ., concur.*