### 43751. CITY OF ATLANTA v. ADAMS.
(351 SE2d 444)

CLARKE, Presiding Justice.

We granted certiorari in this case to consider whether OCGA § 9-3-22 or OCGA § 9-3-24 was the applicable statute of limitations in this action for recovery of back wages. The Court of Appeals held that OCGA § 9-3-24, the six-year statute relating to contracts in general should be applied. *Adams v. City of Atlanta*, 179 Ga. App. 719 (347 SE2d 647) (1986). We reverse and hold that in a suit for wages by municipal employees seeking recovery as authorized by a municipal ordinance, the action must be brought within two years.

OCGA § 9-3-22 provides as follows: "All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued; provided, however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued."

This action arose as a suit for back wages by individuals employed by the City of Atlanta as firefighters. The wages sought are for a time period in their employment when they were assigned job duties for a higher classified position but were restricted by court order from being promoted; they were paid the salary of the lower classification.

In *Smith v. City of Atlanta*, 167 Ga. App. 458 (306 SE2d 720) (1983), the court held that under the ordinances of the City of Atlanta, an employee who is assigned to a higher classified position for more than 30 days will, in certain circumstances, be entitled to the salary of the higher position. The basis of the recovery is the ordinance itself. The plaintiffs in this action are relying on the same ordinance provisions.

When a public employee's duties increase he "can not claim extra compensation for the performance of additional work within the line

of his official duties, unless additional compensation . . . is provided by competent authority." *Twiggs v. Wingfield*, 147 Ga. 790 (95 SE 711) (1918). *Weber v. City of Atlanta*, 140 Ga. App. 332 (231 SE2d 100) (1976), applied the *Twiggs* holding to City of Atlanta police officers and held they could not recover for overtime work under a theory of quantum meruit because a municipal employee can only recover for wages to the extent provided in the local ordinance.

OCGA § 9-3-22 by its terms applies the two-year limitation to actions for "wages . . . accruing under laws respecting the payment of wages . . . ." Actions for compensation or wages based upon express contract or quantum meruit do not come within the two-year limit because these rights existed at common law. *Bass v. Hilts Southern Equipment Co.*, 151 Ga. App. 883 (261 SE2d 787) (1979); *Parks v. Brissey*, 114 Ga. App. 563 (151 SE2d 896) (1966).

While appellees are correct in arguing there is a contractual relationship between the city as employer and themselves as employees (see *Undercofler v. Scott*, 220 Ga. 406 (139 SE2d 299) (1964)), the contract would have been invalid except that it was authorized by law. It logically follows that the entitlement to wages arises only because the law allows it. *Weber*, supra. Since recovery here is sought under rights granted by a law respecting wages, we hold that OCGA § 9-3-22 applies.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 7, 1987 —
RECONSIDERATION DENIED JANUARY 27, 1987.

*Marva Jones Brooks, W. Roy Mays III, David D. Blum, Robin Schurr Phillips*, for appellant.
*Bettye H. Kehrer, Robert H. Walling*, for appellee.