A99A1711. COMSOUTH TELESERVICES, INC. v. LIGGETT et al.
(531 SE2d 190)

SMITH, Judge.

In this action brought by former employee Cathy Liggett and her husband, we granted the application of ComSouth Teleservices, Inc. for interlocutory appeal from an order denying its motion for summary judgment. Liggett filed suit in Bibb County, alleging claims that could be construed as intentional infliction of emotional distress, defamation, and fraud. Liggett's husband alleged loss of consortium. ComSouth answered, denying liability, and moved to dismiss for improper venue. After a hearing on the motion, the case was ordered transferred to Pulaski County, where ComSouth's motion for summary judgment was denied. The trial court then certified the case for immediate review. We agree with ComSouth that summary judgment was warranted, and we therefore reverse the trial court's ruling.

---

ComSouth contends the trial court erred in denying its motion for summary judgment because it carried its burden of showing that no genuine issue of material fact remained and that judgment in its favor was demanded when the evidence was viewed in the light most favorable to Liggett as the nonmoving party. ComSouth argues that as a defendant in the action, it was necessary to show only that one essential element of each of Liggett's claims had been negated, and that it had done so. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We agree.

The record shows that Liggett's claims arose from her termination from employment at ComSouth. On January 29, 1997, Liggett's physician recommended that she enter a hospital for certain medical procedures. These procedures were scheduled for Monday, February 3, 1997, and she requested time off, which was granted. The day after the procedures, on February 4, 1997, ComSouth notified her that she was terminated immediately. The separation notice gave her "period of last employment" as ending on January 31, 1997, and stated that the reasons for termination were failure to observe company policies regarding courtesy, verbal abuse, and disregard of instructions. When Liggett applied for unemployment compensation, ComSouth contested the claim but did not appear for an appeal hearing.

Liggett alleged in her complaint that ComSouth intentionally represented to the Department of Labor that she was terminated for cause on January 31, 1997, to prevent her from receiving unemployment benefits. She maintained that ComSouth also "falsely, fraudulently, and intentionally misrepresented" her termination date in an effort to prevent her from collecting medical benefits due her, knowing that her medical claim for the procedures performed on Monday, February 3, 1997, would be denied if she had been terminated the preceding Friday. She alleged that these actions by ComSouth caused her "extreme and excruciating mental pain and anguish as well as emotional distress" and that ComSouth's portrayal of her as a bad employee restricted her ability to obtain other employment.

1. To recover for intentional infliction of emotional distress, Liggett must show four elements: "(1) The conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." (Citations and punctuation omitted.) *Biven Software v. Newman*, 222 Ga. App. 112, 113 (1) (473 SE2d 527) (1996). Our courts have found liability only when the conduct is so outrageous and extreme that it exceeds

all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community. Gen-

erally, the case is one which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

(Citations and punctuation omitted.) Id. at 114. In addition, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." (Punctuation omitted.) *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (335 SE2d 445) (1985).

The evidence presented in this case clearly fails to meet this standard. First, Liggett testified that approximately half of her suffering was caused by her termination, with its attendant financial strain on her family. But Liggett was an at-will employee, and ComSouth maintains it had good reason to fire her. The termination itself was certainly not outrageous. Second, although Liggett asserts that the rest of her distress was caused by the denial of her medical coverage, she acknowledges in her brief that the health benefits claim has been paid. Robert Gilbert, the president of ComSouth Monitoring Services, a division of ComSouth Teleservices, Inc., testified that the incorrect date on her separation notice was a mistake, and when he learned of it, he corrected it. Liggett offered no evidence that the incorrect date was stated intentionally. Third, although Liggett alleged that she suffered excruciating and intolerable mental distress, her deposition testimony was that this excruciating distress consisted of worry over unpaid bills, which had also happened in the past, and not feeling well, although she sought no psychological treatment. She testified that her relationship with her husband had not changed significantly during the time after she was terminated by ComSouth, with the exception that he was away from home working more, because he had to replace the income she had been bringing home. This evidence was insufficient to support a claim for intentional infliction of emotional distress. *Biven,* supra at 115 (1). The trial court erred in denying ComSouth's motion for summary judgment on that claim.

2. To the extent the complaint alleged a claim for defamation, the trial court erred in denying ComSouth's motion for summary judgment as to such a claim as well. To recover for defamation, a plaintiff must show publication. *Fly v. Kroger Co.*, 209 Ga. App. 75, 77 (1) (432 SE2d 664) (1993). In this case, Liggett has shown no publication except to the Department of Labor, a communication that was absolutely privileged. OCGA § 34-8-122 (a). Liggett admitted she had no knowledge of any publication, and ComSouth presented evidence that it never publicized Liggett's termination to anyone outside the company.

3. For the same reasons, to the extent the complaint may state a claim for fraud, the trial court erred in denying ComSouth's motion for summary judgment on that claim as well. To recover for fraud, Liggett was required to show five elements: a false representation, scienter, intent to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damages. *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). Even assuming without deciding that the separation notice contains a misrepresentation,[1] no showing was made that ComSouth knew it was false or acted with the intent to defraud Liggett. When ComSouth learned the notice was being used to deny medical coverage to Liggett for the procedure performed February 3, 1997, by implying that she had been terminated on January 31, 1997, it corrected this impression. The evidence was therefore insufficient to support a claim for fraud.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 14, 2000 —
RECONSIDERATION DISMISSED APRIL 12, 2000.

*Jones, Cork & Miller, Thomas W. Joyce*, for appellant.
*Mills & Chasteen, Ben B. Mills, Jr.*, for appellees.

---

[1] The separation notice states only that Liggett worked from August 12, 1996 to January 31, 1997, which was factually correct.