A03A2434. WILLIS v. CITY OF ATLANTA.
(595 SE2d 339)

MIKELL, Judge.

Michael Willis appeals pro se from the grant of summary judgment to the City of Atlanta (the "city") on his claims of breach of contract, negligence, and fraud, for which he seeks back pay and attorney fees. We affirm in part and reverse in part.

1. We first reject the city's contention that this appeal is untimely. The trial court entered four orders from which Willis appeals, on February 12, 1999, March 16, 2000, February 18, 2003, and April 4, 2003. The February 18, 2003, order granted summary judgment to the city, and Willis timely filed a notice of appeal 29 days later, on March 19, 2003. The April order merely denied Willis's motion to reconsider the February order, and Willis amended the notice of appeal on May 15 and May 23 to include the April 4 order.

Contrary to the city's argument, Willis was not required to appeal the orders entered on February 12, 1999, and March 16, 2000, within 30 days after their entry. Each order granted summary judgment to the city on certain claims, and

[OCGA § 9-11-56 (h)] is an exception to the finality rule which is for the benefit of the losing party. The party against

whom summary judgment was granted may appeal either after the grant of summary judgment or after the rendition of the final judgment. Therefore, when the losing party appeals after the rendition of the final judgment, the grant of summary judgment is still subject to appellate review.[1]

2. Turning to the merits, we review the orders seriatim. "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant."[2]

So viewed, the record shows that Willis was hired by the city's Bureau of Motor Transport ("Bureau") as an automotive service mechanic in 1978. In 1981, he was promoted to the position of automotive paint and body mechanic. Budgetary restraints ultimately prompted the city to limit the operation of the North Avenue body shop, where Willis worked, and he was transferred to the motorized operations facility on Claire Drive in March 1992. There, Willis's duties changed in that he worked on heavy equipment, such as garbage trucks and fire trucks, and his job title changed to Automotive Technician IV. In 1998, the city decided to restaff the North Avenue shop, and, on March 30, Willis was reassigned to that location to the position of automotive paint and body mechanic.

He filed the complaint spawning these orders on December 29, 1997, alleging that he had been assigned to a "higher classified position," as that term is defined by municipal ordinance, but that the city had refused to pay him commensurate with the position. Willis sought recovery under the Code of Ordinances of the City of Atlanta, Georgia ("City Code") § 114-134, which governs compensation for temporary work at a higher classification. That section provides in pertinent part:

An employee shall receive no increase in salary or wages upon being required to work in a higher classified position on a temporary, incidental, or emergency basis, for a period of time of 30 work days or less. Upon an employee being required to perform the duties of a higher classified position for a period of time in excess of 30 work days, such employee shall be given an emergency appointment to the higher classified position and shall receive the appropriate salary or wages of the higher classification. However, in no event shall such emergency appointment be made unless the

[1] *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978).
[2] *Schneider v. Susquehanna Radio Corp.*, 260 Ga. App. 296, 298 (581 SE2d 603) (2003).

higher classified position is vacant. . . . At the conclusion of such assignment, the wages or salary of the employee shall revert to that which such employee was receiving prior to the employee performing the duties in the higher classification.

In its answer, the city contended that Willis was not entitled to a higher salary because he was not performing the duties of the higher classified position. The matter was submitted to nonbinding arbitration, and Willis was awarded $12,079.97, plus reasonable attorney fees. Dissatisfied, the city requested a nonjury trial. The city then moved for summary judgment, asserting, inter alia, that the claim for back pay earned before December 29, 1995, was barred by the two-year statute of limitation, OCGA § 9-3-22.[3]

On February 12, 1999, the trial court granted the motion in part, ruling that the demand for payment of wages from March 11, 1992, through December 28, 1995, was time-barred. The court also dismissed the negligence claim, correctly ruling that the action sounded in contract.[4] However, the court denied the city's motion in part, ruling that three issues remained for trial: whether Willis possessed the appropriate certifications to be paid commensurate with the higher classification; whether he performed the duties of that position; and, if necessary, whether there was a vacancy in the position, as required by City Code § 114-134.

Willis contends that the trial court erred in applying the two-year statute of limitation to claims accruing prior to December 29, 1995. In this regard, OCGA § 9-3-22 provides that "all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued." This limitation applies to actions for wages brought by municipal employees pursuant to municipal ordinances.[5] Willis urges that we apply the "continuing violation" analysis set forth in *Knight v. City of Columbus*[6] to resurrect the claims accruing more than two years

---

[3] See *City of Atlanta v. Adams*, 256 Ga. 620 (351 SE2d 444) (1987) ("in a suit for wages by municipal employees seeking recovery as authorized by a municipal ordinance, the action must be brought within two years").

[4] See *Mitchell v. Southern Dairies*, 77 Ga. App. 771 (49 SE2d 912) (1948) ("Where a person is employed by a corporation for wages and, after the employee has earned wages under the contract of employment, the employer refuses to pay the employee the wages earned without legal process and in wanton disregard of the employee's rights and against his will, the only recourse available to the employee is an action for a breach of the contract of employment, as the only duty placed upon the employer arises solely by reason of the contract.").

[5] See *City of Atlanta*, supra.

[6] 19 F3d 579 (11th Cir. 1994).

before the complaint was filed. However, he misconstrues the *Knight* analysis. In *Knight,* the Eleventh Circuit Court of Appeals applied the continuing violation doctrine to the statute of limitation under the Fair Labor Standards Act ("FLSA"),[7] holding that each time the City of Columbus, Georgia, issued a paycheck that failed to include overtime hours actually worked, it constituted a new violation giving rise to a new cause of action.[8] The appeals court held that "[w]here a continuing violation is found, the plaintiffs can recover for any violations *for which the statute of limitations has not expired.*"[9] Here, as in *Knight,* the employee cannot recover for those violations for which the statute has already expired.

In July 1999, Willis amended his complaint to add a fraud claim as well as a second breach of contract claim, alleging that the city implemented a reduction in force ("RIF") without compliance with certain ordinances. On March 16, 2000, the trial court granted summary judgment to the city on these additional claims. With regard to the fraud claim, the trial court held that a municipality is immune from suit based on the intentional conduct of its employees in the conduct of governmental duties.[10] However, in *Smith v. City of Atlanta,*[11] we held that "payment of salary to government employees is a perfunctory administrative duty not included under the category of government functions and not barred by any statutory immunity."[12] Nevertheless, the trial court properly granted summary judgment to the city on this claim. To recover for fraud, a plaintiff must show five elements: a false representation, scienter, intent to induce the plaintiff to act or refrain from acting, justifiable reliance, and damages.[13] A four-year statute of limitation governs actions for fraud and negligent misrepresentation.[14] Willis asserts that the city made false representations designed to avoid paying him just compensation; namely, that he had to be transferred because the North Avenue shop was being disbanded and that he had no choice but to work as a mechanic or be terminated. Any action predicated on these statements, which were made in late 1991 or early 1992, is time-barred. In addition, Willis alleges that the city deceived him by conducting his reassignment pursuant to a certification form that was not presented to him for his signature. Even assuming that the stat-

---

[7] 29 USCA § 201 et seq.
[8] *Knight,* supra at 581.
[9] (Emphasis supplied.) Id.
[10] *Brown v. City of Union Point,* 52 Ga. App. 212 (183 SE 78) (1935).
[11] 167 Ga. App. 458 (306 SE2d 720) (1983).
[12] Id. at 462 (2).
[13] *ComSouth Teleservices v. Liggett,* 243 Ga. App. 446, 449 (3) (531 SE2d 190) (2000).
[14] OCGA § 9-3-31.

ute of limitation was tolled as to this contention,[15] there is no evidence to support it. Rather, the city presented evidence that it is not required to show the certification form to the employee. Therefore, the trial court did not err in granting summary judgment on the fraud claim.

In addition, the trial court properly determined that the city had borne its burden on summary judgment to demonstrate the absence of evidence on the breach of contract claim in the amended complaint. A RIF is defined by City Code § 114-379 (a) as occurring "when an agency is obliged to demote, separate or furlough one or more employees because of [a] lack of work, shortage of funds or reorganization." There is no evidence suggesting that any Bureau employee was demoted, separated, or furloughed. Herbert L. McCall, the city's Commissioner of the Department of Administrative Services, deposed that instead of implementing a RIF to meet the Bureau's budget, which would have meant dismissing employees, the city decided to move employees into other positions. McCall further testified that the employees in the North Avenue body shop were assigned different job classification numbers to make sure that no one was dismissed or terminated. In response to this testimony, Willis was required to point to specific evidence giving rise to a triable issue.[16] This he failed to do.

The city filed a renewed motion for summary judgment in December 2002, asserting that the trial court erred in ruling in its February 12, 1999, order that three issues of fact remained for trial. The city argued that the continuing violation doctrine does not apply to municipalities. The trial court agreed, and, on February 18, 2003, granted the city's motion. Specifically, the trial court noted that Willis had not cited any authority for the proposition that the continuing violation applies to a claim for back pay pursuant to a municipal ordinance.

Indeed, this is an issue of first impression in our appellate courts. Unlike the trial court, however, we are persuaded that the continuing violation doctrine adopted in *Knight* applies equally to the case at bar. As the court noted in *Knight*:

> According to the City, the adoption of its classification system constitutes a discrete past act which started the limitations clock running; by failing to assert their rights within three years of the policy's adoption, the officer plaintiffs forever lost the right to challenge the system. We dis-

---

[15] See OCGA § 9-3-96.
[16] *Smith v. Lewis*, 259 Ga. App. 548 (578 SE2d 220) (2003).

agree. . . . Each failure to pay overtime constitutes a *new* violation of the FLSA.[17]

Similarly, the city argues in this case that Willis's reclassification in 1992 started the running of the two-year statute of limitation, such that he is forever barred from recovering any wages allegedly due him after December 1995. We, too, disagree. If the city failed to pay Willis in accordance with municipal ordinance from December 1995 until his reassignment in March 1998, and we express no opinion on that issue, each paycheck constituted a new violation for which Willis can seek recovery.

In sum, we rule as follows. The orders of February 12, 1999, and March 16, 2000, are affirmed. The orders of February 18, 2003, and April 4, 2003, are reversed, and the case is remanded for trial.

*Judgment affirmed in part and reversed in part and case remanded. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 17, 2004.

Michael Willis, *pro se.*
*Serena L. Sparks, Tuwanda R. Williams*, for appellee.