[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12611
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-00278-TCB

MARK KLOPFENSTEIN,

Plaintiff-Appellant,

versus

DEUTSCHE BANK SECURITIES, INC.,
d.b.a. Deutsche Bank,
DEUTSCHE BANK AG,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 20, 2014)

Before ED CARNES, Chief Judge, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Mark Klopfenstein appeals the district court's dismissal of his fraud, breach

of fiduciary duty, and Georgia RICO claims against Deutsche Bank Securities, Inc.

and Deutsche Bank AG.[1]  Klopfenstein contends that the district court erred in dismissing those claims as time-barred and insufficiently pleaded.

## I.

Between 1996 and 2000, Klopfenstein annually participated in five structured securities transactions (aka tax shelters) with the Deutsche Bank entities. As a result of those transactions, Klopfenstein claimed millions of dollars in tax losses each year, which he used to offset unrelated taxable gains and thereby reduce his taxable income.

As a tax advisor himself, Klopfenstein understood that the IRS was likely to challenge the tax shelter transactions as lacking economic substance.  To arm himself against an eventual challenge, and because he was recommending similar transactions to his own clients, Klopfenstein obtained opinion letters for four of the five transactions.  Those letters certified that the transactions had economic substance and that "substantial authority" within the Internal Revenue Code and its attendant regulations supported their legitimacy.

As expected, Klopfenstein received an IRS audit notice in January 2000 and a related "Statutory Notice of Deficiency" that fall.  Among other things, those documents informed Klopfenstein that the IRS intended to disallow the deductions he had taken in conjunction with the 1996 transaction because the transaction

---

[1] We refer to the defendants collectively as the Deutsche Bank entities except where context requires otherwise.

lacked economic substance.  Around the same time that Klopfenstein received the notice of deficiency, the IRS released a bulletin describing the structured transactions in which Klopfenstein had participated with the Deutsche Bank entities and identifying them as improper.[2]

In January 2001, Klopfenstein filed a petition with the United States Tax Court to contest the audit.  On May 2, 2007, he entered into a stipulated decision agreeing that his 1996 tax return was improper and that he would pay a deficiency immediately.  He ultimately paid taxes, interest, and penalties totaling over $1.4 million.

On December 21, 2010, Deutsche Bank AG entered into a non-prosecution agreement with the Department of Justice.  That agreement provided that the bank would not face criminal prosecution for certain transactions, including the type of structured transaction in which Klopfenstein had participated.

On August 30, 2012, Klopfenstein filed a statement of claim with the Financial Industry Regulatory Authority, Inc. (FINRA).[3]  His statement of claim brought allegations against the Deutsche Bank entities that substantially mirrored

---

[2] An Internal Revenue Bulletin is "the authoritative instrument for announcing official rulings and procedures of the IRS and for publishing Treasury Decisions, Executive Orders, Tax Conventions, legislation, court decisions, and other items of general interest."  Internal Revenue Bulletins, available at http://apps.irs.gov/app/picklist/list/internalRevenueBulletins.html (last visited October 23, 2014) (copy also available at this Court's Clerk's Office).

[3] FINRA is a registered self-regulatory organization under the Securities Exchange Act of 1934.  It has the authority to regulate its securities firm members by creating and enforcing rules.  See Citigroup Global Markets Inc. v. Abbar, 761 F.3d 268, 274 n.4 (2d Cir. 2014).

the claims at issue here, except it did not include the Georgia RICO claim that is in

this lawsuit.  Essentially, Klopfenstein alleged that the Deutsche Bank entities

knew that the tax shelters they recommended lacked economic substance but told

him the opposite.  On June 3, 2013, the FINRA arbitration panel dismissed

Klopfenstein's claims as time-barred under FINRA's six-year eligibility rule but

told him that he was free to bring suit in a court of law.

Klopfenstein did just that.  On December 23, 2013, he sued the Deutsche

Bank entities in Georgia state court, alleging fraud, breach of fiduciary duty, and a

violation of Georgia's RICO statute.  After removing the case to federal court, the

Deutsche Bank entities moved to dismiss under Federal Rule of Civil Procedure

12(b)(6), arguing that Klopfenstein's claims were time-barred and that he had

failed to state a claim upon which relief could be granted.  The district court

granted the defendants' motion on both grounds.  This is Klopfenstein's appeal.

II.

We review de novo a district court's grant of a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the

complaint as true and construing them in the light most favorable to the plaintiff.

Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).

Likewise, we review de novo a district court's "interpretation and application of

4

statutes of limitations." Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006) (quotation marks omitted).

Klopfenstein does not challenge the district court's determination that, under Georgia law, all of his claims had accrued by the fall of 2000, when the IRS informed him that it intended to disallow the deductions he had taken in conjunction with the 1996 tax shelter transaction. Klopfenstein filed his complaint on December 23, 2013, long after the limitations periods governing his claims had expired.[4] As a result, the claims are time-barred unless he can invoke tolling. To do so, he must plausibly allege the following three elements: "(1) actual fraud on the part of the defendant[s] involving moral turpitude, (2) which conceal[ed] the existence of the cause of action from the plaintiff, and (3) plaintiff's reasonable diligence in discovering his cause of action, despite his failure to do so within the time of the applicable statute of limitations." McClung Surveying, Inc. v. Worl, 541 S.E.2d 703, 706 (Ga. Ct. App. 2000); see Ga. Code. Ann. § 9-3-96. If Klopfenstein can invoke tolling, the statutes of limitations are "tolled until [the

---

[4] The parties agree that, under Georgia law, the statute of limitations for fraud claims is four years. Ga. Code Ann. § 9-3-31; see Willis v. City of Atlanta, 595 S.E.2d 339, 343 (Ga. Ct. App. 2004). The parties also agree that the statute of limitations for RICO claims is five years. Ga. Code Ann. § 16-14-8; see Cochran Mill Assocs. v. Stephens, 648 S.E.2d 764, 770 (Ga. Ct. App. 2007). The parties do not agree on the statute of limitations governing Klopfenstein's breach of fiduciary duty claim. Klopfenstein argues that the applicable time period is either four years, Ga. Code Ann. § 9-3-31, or six years, Ga. Code Ann. § 9-3-24. Deutsche Bank argues that the applicable time period is four years. Ga. Code Ann. § 9-3-31. We need not decide whether the four- or six-year statute of limitations governs Klopfenstein's breach of fiduciary duty claim because that claim is untimely either way.

defendants'] fraud is discovered, or could have been discovered by the exercise of ordinary care and diligence." Nash v. Ohio Nat'l Life Ins. Co., 597 S.E.2d 512, 515 (Ga. Ct. App. 2004) (quotation marks omitted).

Klopfenstein asserts in conclusory fashion that he was entitled to toll the applicable limitations periods until December 21, 2010, when Deutsche Bank AG's non-prosecution agreement was made public. He alleges that "[t]he public release of the [non-prosecution agreement] was the first time [he] was made aware of any fraud in connection with the [tax shelter] transactions." Compl. ¶ 70. But "[m]ere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations." McClung Surveying, Inc., 541 S.E.2d at 706 (alteration in original) (quotation marks omitted). And Klopfenstein offers no account of the actions he took before December 2010 to explore whether he had any claims against the Deutsche Bank entities.

Even if we assume that Klopfenstein has plausibly alleged the first two essential elements of tolling, he has not plausibly alleged the third: that he exercised reasonable diligence. Cf. McClung Surveying, Inc., 541 S.E.2d at 706 (noting that, "[a]lthough questions of due diligence often must be resolved by the trier of fact, . . . [a] party may fail to exercise due diligence as a matter of law"). In the fall of 2000, Klopfenstein "received direct information that conflicted with [the Deutsche Bank entities'] representation" that the tax shelter transactions at issue

had economic substance.  Nash, 597 S.E.2d at 516.  At that time, he was on notice that the Deutsche Bank entities' representation may have been false.  See id.; McClung Surveying, Inc., 541 S.E.2d at 706–07.  Klopfenstein does not explain how he exercised reasonable diligence in light of that notice.  Similarly, in 2004, several of Klopfenstein's former clients sued him — and the same defendants he is now suing — alleging fraud, breach of fiduciary duty, and violations of the federal RICO statute in connection with the same tax shelter transactions.  See Pecan East Antonio Investors, Inc. v. Deutsche Bank AG, 5:04-cv-677-FB-NSN (W.D. Tex. July 30, 2004).[5]  Those plaintiffs' claims were nearly identical to the claims that Klopfenstein has brought here.  Yet he does not identify any reasonably diligent steps he took in light of that lawsuit to explore his own potential claims.  He also does not explain why he, like some of his former clients, could not have sued the Deutsche Bank entities earlier.  Klopfenstein has not plausibly alleged that he exercised reasonable diligence in discovering his causes of action and thus cannot

---

[5] In its order granting the Deutsche Bank entities' motion to dismiss, the district court pointed to the Pecan East Antonio Investors, Inc. complaint as proof that Klopfenstein could have discovered the alleged fraud as early as 2004.  Klopfenstein contends that, by considering that complaint, the district court converted the Deutsche Bank entities' motion to dismiss into a motion for summary judgment in violation of Federal Rule of Civil Procedure 12(d).  He is wrong about that because the complaint is a public document, and a district court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 2510 (2007); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999); see also Fed. R. Evid. 201.

invoke tolling.  The district court did not err in dismissing Klopfenstein's claims as time-barred.[6]

**AFFIRMED.**

---

[6] Because we affirm the district court's dismissal of Klopfenstein's claims as time-barred, we do not reach the district court's alternative ground for dismissal, which is that Klopfenstein's claims were insufficiently pleaded.

8