[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11945
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-01162-LMM

OLIVIA JIHEEKIM MACK,
DAVID KERRY MACK,

Plaintiffs - Appellants,

versus

DELTA AIR LINES, INC.,
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 15, 2016)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiffs Olivia Jiheekim Mack ("Mack") and David Mack, proceeding pro se, appeal the district court's dismissal of Mack's amended complaint against Mack's employer, Delta Air Lines, Inc. ("Delta"), and against Sedgewick Claims Management Services, Inc. ("Sedgewick"). Plaintiffs also appeal the district court's grant of Defendants' motions for sanctions and denial of Plaintiffs' motion for sanctions. No reversible error has been shown; we affirm.

This case arises out of the denial of Mack's application for short-term disability insurance ("STDI") benefits. Mack declined SDTI benefits when she was first hired as a Delta flight attendant in 2007. When Mack later applied for SDTI benefits in October 2008, she was denied coverage because she was pregnant. Unable to qualify for SDTI benefits, Mack continued to work as a flight attendant during her pregnancy. Mack alleges that, as a result of her working on long international flights, she suffered from preeclampsia and high blood pressure -- putting both her and her unborn baby's health at risk.

Mack filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was

2

discriminated against in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). After efforts to obtain a settlement failed, the EEOC issued Mack a right-to-sue notice.

On 9 April 2013, Mack filed this civil action against Delta and Sedgewick, the administrator of Delta's STDI program. In her initial complaint, Mack purported to assert against Defendants claims for violations of Title VII, the ADA, and the ADEA, and several state-law claims.

The district court dismissed as untimely the employment discrimination claims arising from Mack's EEOC charge and dismissed without prejudice Mack's remaining state-law claims. The district court also denied as futile Mack's four motions to amend the complaint but granted her leave to file an amended complaint that complied with federal pleading requirements.

Mack then filed the amended complaint pertinent to this appeal; she purported to assert against Defendants claims for Title VII retaliation, civil RICO, and state-law libel. The district court dismissed Mack's claim for failure to state a claim.

I.

On appeal, Mack challenges the district court's dismissal of her Title VII employment discrimination claims as untimely.[1]

To pursue her Title VII discrimination claims in federal court, Mack must first establish that her complaint was filed within 90 days of her receipt of the right-to-sue letter from the EEOC. See Green v. Union Foundry Co., 281 F.3d 1229, 1233-34 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)). We determine on a case-by-case basis what constitutes "receipt" for purposes of triggering the 90-day limitations period. Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1341 (11th Cir. 1999). "[A] plaintiff should not be heard to complain unless the plaintiff has assumed the minimal burden of advising the EEOC of address changes or taken other reasonable steps to ensure delivery of the notice to his current address." Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991) (quotations and alterations omitted).

The record shows that the EEOC's right-to-sue notice was mailed originally on 27 December 2012, to the address listed on Mack's EEOC charge. On 7 January 2013, the notice was returned to the EEOC as undeliverable. On 9

---

[1] Mack raises no challenge to the district court's dismissal of her ADA or ADEA claims; those claims are abandoned. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

4

January, the EEOC re-mailed the notice to Mack's then-current address; and Mack received the notice on 11 January.

Viewing the allegations in Mack's complaint in the light most favorable to Mack, Mack provided no notice to the EEOC of her new address.[2] Mack relied instead on an expired mail-forwarding request filed with the post office. Because Mack failed to satisfy her minimal burden of ensuring delivery of the right-to-sue notice, the 90-day limitation period began running on the date on which Mack would have received the EEOC's initial right-to-sue notice at her former address. See Kerr v. McDonald's Corp., 427 F.3d 947, 953 (11th Cir. 2005). Assuming three days for delivery of mail, the limitation period began running on 30 December 2012. See id. at 953 n.9. Because Mack's complaint was filed 100 days after the limitation period began to run, and because Mack failed to show "extraordinary circumstances" warranting equitable tolling, see Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007), the district court committed no error in dismissing Mack's Title VII discrimination claims as untimely.

---

[2] Mack asserts on appeal -- and for the first time -- that she notified the EEOC of her new address on 11 January 2011. As an initial matter, we do not generally consider issues raised for the first time on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). Moreover, Mack's assertion about her change-of-address notification is contradicted flatly by her statements in the district court, statements indicating that she in fact provided no notice directly to the EEOC of her new address.

II.

Mack also challenges the district court's dismissal of her claims for retaliation and for retaliatory hostile work environment under Title VII. Briefly stated, Mack's retaliation claims stem from a letter that Delta's lawyer sent to the EEOC in response to Mack's charge of discrimination ("March 2012 Letter"). In pertinent part, the March 2012 Letter alleged that Mack declined SDTI benefits at the time of hire and that it was "only after [Mack] became pregnant and knew the likelihood of an extended absence was likely" that she applied for SDTI benefits.

We review de novo a district court's grant of a motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Simmons v. Sonyika, 394 F.3d 1335, 1338 (11th Cir. 2004). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and so must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Our analysis of the plausibility

6

standard is "context-specific" and "requires [us] to draw on [our] judicial experience and common sense." Id. at 1950.

To establish a cause of action for retaliation, the plaintiff must show that a "reasonable employee would have found the challenged action materially adverse." Burlington N. & Santa Fe Ry. v. White, 126 S.Ct. 2405, 2415 (2006). An act is materially adverse if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (quotation omitted). A plaintiff may also establish a cause of action for retaliatory hostile work environment if she can show that the defendant's retaliatory acts were "sufficiently severe or pervasive to alter the terms and conditions of employment." Gowski v. Peake, 682 F.3d 1299, 1312 (11th Cir. 2012).

The district court committed no error in dismissing Mack's retaliation claims for failure to state a claim. Mack has failed to allege facts demonstrating plausibly that the March 2012 Letter would dissuade a reasonable worker from making or supporting a charge of discrimination. See Burlington, 126 S.Ct. at 2415. When an employee makes a charge of discrimination, the reasonable employee must expect that the employer will defend itself to the EEOC. In addition, the March 2012 Letter by itself was not sufficiently severe or pervasive to alter the terms and conditions of Mack's employment. See Gowski, 682 F.3d at 1312 ("Discrete acts cannot alone form the basis of a hostile work environment claim.").

III.

About Mack's civil RICO claim, Mack failed to allege with particularity that Defendants engaged in a pattern of racketeering activity.  See McCulloch v. PNC Bank, Inc., 298 F.3d 1217, 1225 (11th Cir. 2002).  In her amended complaint, Mack alleges that Defendants engaged in mail fraud by underpaying doctors intentionally so that the completion of medical-eligibility forms would be delayed. Even accepting this allegation as true, the alleged conduct is no "scheme to defraud another of money or property" and, thus, constitutes no mail fraud.  See Pelletier v. Zweifel, 921 F.2d 1465, 1498 (11th Cir. 1991).[3]

IV.

The district court also committed no error in dismissing Mack's state-law libel claim against Delta, which is based solely on the contents of the March 2012 Letter.

---

[3] Mack has also failed to allege sufficiently a causal connection between her injury and Defendants' alleged mail fraud.  Mack contends she was denied STDI benefits based on her pregnancy, not because she failed to complete her paperwork on time.

8

Under Georgia law, absolute immunity applies to "official court documents and acts of legal process," including filings with a state employment agency and "other quasi-judicial proceedings in administrative tribunals." Skoglund v. Durham, 502 S.E.2d 814, 816 (Ga. Ct. App. 1998) (quotations omitted) (citing O.C.G.A. § 51-5-8). In determining whether absolute immunity applies, courts look to the "nature of the proceeding and the character of the rights which may be affected by it." Id. Pertinent factors to consider may include the availability of discovery and of an evidentiary hearing, whether the merits of the complaint will be reached during the proceeding, and the scope of judicial review. Id.

Before filing a Title VII action in federal court, plaintiffs are required to file a charge of discrimination with the EEOC. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). The EEOC is then required to investigate the charge and may order a fact-finding conference. 29 C.F.R. § 1601.15(a). As part of its investigative powers, the EEOC is authorized to issue subpoenas requiring witness testimony and the production of evidence. 29 C.F.R. § 1601.16. Based on its investigation, the EEOC makes a determination about whether "reasonable cause" exists to believe that an unlawful employment practice occurred. 29 C.F.R. §§ 1601.19, 1601.21.

Given the nature of the EEOC's investigative process, we agree with the district court's determination that an EEOC proceeding constitutes a "quasi-

judicial" proceeding entitled to absolute immunity under Georgia law. Because the March 2012 Letter was sent to the EEOC as part of the EEOC's investigation of Mack's discrimination charge against Delta, it fell within the scope of the EEOC's "quasi-judicial" administrative process and is entitled to absolute privilege.

In addition, Mack has failed to allege sufficiently that the March 2012 Letter was "published": a necessary element for establishing a claim for libel. See ComSouth Teleservs., Inc. v. Liggett, 531 S.E.2d 190, 192 (Ga. Ct. App. 2000). Neither the alleged communication to Delta's top management and lawyer nor the communication to a third-party printer constituted "publication" for purposes of stating a claim for libel under Georgia law. See Galardi v. Steele-Inman, 597 S.E.2d 571, 575-76 (Ga. Ct. App. 2004) (no publication arises from intracorporate communication or from communication between corporations that are engaged in a joint enterprise); Beck v. Oden, 13 S.E.2d 468, 471 (1941) (no publication arises from communication to a "business associate in the ordinary and natural course of business"). And Mack has failed to plead facts to support her conclusory allegation that the 2012 March Letter was published to hundreds of other pregnant and disabled Delta employees. See Iqbal, 129 S.Ct. at 1949.

10

V.

We review for abuse of discretion the district court's exercise of its inherent power to impose sanctions. Sciarretta v. Lincoln Nat'l Life Ins. Co., 778 F.3d 1205, 1212 (11th Cir. 2015). Under its inherent authority, a federal court may assess attorney's fees and costs against a party or his lawyer "when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (quotation omitted). A finding of bad faith is warranted, among other things, when a party "knowingly or recklessly raises a frivolous argument" or when a party delays or disrupts the litigation. Id. at 1121.

The record supports the district court's determination that Plaintiffs acted in bad faith in filing their third and fourth amended complaints. The third amended complaint was 86 pages long with 125 pages of exhibits; and the fourth proposed amendment sought to supplement the complaint with an additional 45 pages of pleadings and 277 pages of exhibits. Neither the third nor the fourth proposed amended complaints raised new claims against Defendants. Instead, the proposed amendments sought only to add new facts, arguments and exhibits, the bulk of which were not pertinent to or only tangentially related to Mack's earlier-asserted claims against Defendants. On this record, the district court abused no discretion in granting in part Defendants' motions for sanctions.

11

The district court also abused no discretion in denying Plaintiffs' motion for sanctions against Defendants or in denying Plaintiffs' motion for reconsideration. Nothing evidences that Defendants acted in bad faith in asserting a preemption defense under ERISA.

AFFIRMED.